**TAYLOR v. A. B. C. STORES, Inc.**

**No. 3736.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 22, 1940.

(Rehearing Denied Dec. 4, 1940.

Elton Cruse, of Beaumont, for appellant.

Orgain, Carroll & Bell, of Beaumont, for appellee.

O'QUINN, Justice.

This is a suit by Mrs. Mae Taylor, a feme sole, against the A. B. C. Stores, Incorporated, for damages alleged to have been received by her in falling over some boxes of merchandise situated in an aisle of the store. For cause of action, she alleged that while a customer in the store she was pulling a basket or container on wheels kept by the store for the convenience of its customers to be used in placing articles purchased therein and pulled or pushed from point to point in the selection of merchandise, and while so doing, she fell over a box or boxes located in one of the aisles resulting in severe injuries to her for which she asked damages in the sum of $30,000. She alleged negligence on the part of the defendant in placing the boxes in the aisle and permitting them to remain there after having actual knowledge of their location; that she was thirty-five years of age, a nurse by profession, and that as a result of said injury her income gained by her profession had been totally destroyed, and her general health and physical well-being seriously impaired.

Defendant, appellee, answered by general denial, a plea of contributory negligence; and specially that the boxes were plainly visible, open and obvious to one in the exercise of reasonable care for their own safety; that the manner of placing the boxes was the customary way which had been followed for a long period of time; that plaintiff was guilty of negligence: (a) In moving the basket backward when she had a perfectly safe way available to her to move forward when she could see every object fronting her, and (b) thus failing to keep a proper lookout for her own safety and protection.

The case was tried to a jury upon special issues, in answer to which, among other things, they found:

That plaintiff, Mrs. Mae Taylor, sustained a fall in the A. B. C. Stores, on April 28, 1938; that she sustained injuries by reason of the fall; that there was one or more boxes of canned goods in the aisle over which plaintiff fell; that the defendant placed the boxes in the aisle; that the defendant was not guilty of negligence in placing the boxes in the aisle; that the defendant had actual knowledge of the boxes being placed in the aisle before plaintiff fell over same; that the defendant was not guilty of negligence in permitting the boxes to remain in the aisle with actual knowledge of their presence in the aisle; that the boxes had been in the aisle for such length of time the defendant through the exercise of ordinary care should have known of their presence; that permitting the boxes to remain in the aisle after defendant should, in the exercise of ordinary care, have known of their presence, was negligence, and that such negligence was a proximate cause of plaintiff's fall; that the plaintiff was entitled to damages in the sum of $1,500.

After the return of the verdict and before the discharge of the jury, plaintiff moved the court that the jury be returned to its room to consider further of its verdict, or, in the alternative, that the jury be discharged and a mistrial of the case entered. The defendant moved that the verdict be received and judgment entered in its favor. The court granted the motion of defendant and accordingly received the verdict and entered judgment in its favor. Motion for a new trial was overruled, and plaintiff brings this appeal.

We sustain appellant's assignment that the verdict was so conflicting that no judgment could be rendered on same. It is seen by their answers to special issues that they found that defendant placed the boxes, over which plaintiff alleged she fell, in the aisle and had knowledge of their presence in the aisle at the time of the accident, but that defendant was not guilty of negligence in the placing of the boxes in the aisle, and was not guilty of negligence in permitting the boxes to remain in the aisle. They also found that the boxes had been in the aisle for such length of time that the defendant by the exercise of ordinary care should have known of the presence of the boxes in the aisle, and that permitting the boxes to remain in the aisle after such time when the defendant by the exercise of ordinary care should have known of their presence, was negligence, and that such negligence was a proximate

cause of plaintiff's fall and her consequent injuries. These findings are diametrically opposed. The one destroys the other.

■ The issue of unavoidable accident was submitted to the jury. Unavoidable accident was defined by the court in his charge, but the second paragraph in this charge in defining the term, was in fact no definition but a general charge. It should be omitted on another trial.

For the error discussed the judgment is reversed and the cause remanded for another trial.