**SEARS, ROEBUCK & CO. et al.
v. MARTIN.**

No. 12224.

Court of Civil Appeals of Texas.
Galveston.

Feb. 22, 1951.

Rehearing Denied March 15, 1951.

Orgain, Bell & Tucker, of Beaumont, G. C. Bachman, Jr., of Beaumont, of counsel, for appellants.

Adams, Browne & Sample and Ernest J. Browne, all of Beaumont, for appellee.

GRAVES, Justice.

This was a suit by Annie Martin, against Sears, Roebuck & Company, and their employee, Mayme Etheridge, wherein the Plaintiff, Annie Martin, alleged and claimed that, while a customer in the Defendant's store,—Sears, Roebuck & Company's,—and while in the exercise of due care for her own safety, she stumbled over a display-platform, negligently maintained and operated therein by the Defendants, and sustained personal injuries to herself as the direct and sole proximate result of such negligence of the Defendants.

The case was tried before a jury, and, in answer to some 58 special-issues, submitted by the court to it, the jury answered most of them favorably to the Plaintiff.

Whereupon, the court entered judgment on the verdict for the Plaintiff against both the Defendants, for the sum of $4,500.00.

■ This appeal proceeds from such action below. At the threshold of a consideration of it, this Court must hold that the judgment, so entered upon the jury's findings alone, cannot stand—this for the reason that such material and irreconcilable conflicts appear therein as, under our authorities, rendered it void. 41 Texas Jurisprudence, Sec. 361, pg. 1226.

For instance, it is held that the jury's answers to Special-Issues Nos. 35 and 36 so conflicted with their answers to other Special-Issues Nos. 8 and 9, 11 and 12, 18 and 19, 21 and 22, 24 and 25, and 31 and 32.

Further, like conflicts appear between the answer to Special-Issue No. 49, and those to Special-Issues Nos. 28 and 29.

Special-Issues Nos. 35 and 36, with the jury's answers thereto, were these:

"No. 35: 'Do you find from a preponderance of the evidence that the platform and merchandise resting thereon was open and obvious and visible on the occasion in question? Answer 'Yes.' "

"No. 36: 'Do you find from a preponderance of the evidence that the plaintiff, on the occasion in question, in the exercise of ordinary care should have known the situation of said platform and merchandise? Answer 'Yes.' "

Whereas, the enumerated conflicting issues, together with the answers thereto, were, in material substance, these:

Nos. 8 and 9:

"No. 8: Do you find from a preponderance of the evidence that the defendant's act, if any, in permitting said platform to remain in a position that would obstruct the way, (if you have so found) was negligence? 'Yes.'"

"No. 9: Was such negligence a proximate cause of the injuries, if any, to Annie Martin? 'Yes.'"

Nos. 11 and 12:

"No. 11: Do you find from a preponderance of the evidence that the maintenance of said place where customers stand in an obstructed condition, (if you have so found) was negligence? 'Yes.'"

"No. 12: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of Annie Martin's injuries, if any? 'Yes.'"

Nos. 18 and 19:

"No. 18: Do you find from a preponderance of the evidence that the defendant's permitting, if any, said lawnmower to remain in said place, (if you have so found), was negligence? Yes.'"

"No. 19: Do you find from a preponderance of the evidence that the position of the lawnmower in defendant's store, if any, was a proximate cause of plaintiff's injuries on July 21, 1947? 'Yes.'"

Nos. 21 and 22:

"No. 21: Do you find from a preponderance of the evidence that such leaving of said objects, if any, in such a place, if any, was negligence? 'Yes.'"

"No. 22: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of plaintiff's injuries? 'Yes.'"

Nos. 24 and 25:

"No. 24: Do you find from a preponderance of the evidence that such failure, if any, was negligence? 'Yes.'"

"No. 25: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the injuries to Annie Martin, if any? 'Yes.'"

Nos. 31 and 32:

"No. 31: Do you find from a preponderance of the evidence that at the time and on the occasion in question that the defendant failed to warn Annie Martin of the lawnmower and platform? 'Yes.'"

"No. 32: Do you find from a preponderance of the evidence that such failure to warn Annie Martin, if any, was negligence? 'Yes.'"

Special-Issue No. 49, so cited, supra, together with the jury's answer thereto, was this:

"Do you find from a preponderance of the evidence that the instructions to plaintiff to 'Back Up', given by defendant's agent on the occasion in question, was reasonable under the circumstances? Answer 'Yes'".

Whereas, Special-Issues Nos. 28 and 29, together with their answers, were these:

"No. 28: Do you find from a preponderance of the evidence that defendant's employee's act, if any, in addressing plaintiff as inquired about in Special Issue No. 26, under the circumstances then obtaining, was negligence? 'Yes.'"

."No. 29: Do you find from a preponderance of the evidence that the negligence, if any, as inquired about in preceding Special Issue No. 28, was a proximate cause of plaintiff's injuries, if any? 'Yes.'"

This Court has searched the Appellee's brief, and the arguments in her behalf, in vain for any reply to the Appellants' stated contentions that the verdict contained the contradictory recitals so at length given.

■ The mere recital of them, in this Court's opinion, is sufficient to show that they rendered the verdict nugatory, "in that, on the one hand, the issues as to negligence and proximate cause in effect are a finding by the jury that there was negligence, while the findings on Special Issues Nos. 35 and 36 were in effect findings that there was no negligence. Under the circumstances, such issues, being material, could not form the basis of a

judgment." 41 Tex.Juris. § 361, p. 1226; Marshall v. San Jacinto Building, Tex.Civ. App., 67 S.W.2d 372; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 375–376; Taylor v. A. B. C. Stores, Tex.Civ.App., 145 S.W.2d 294; New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620; 30 Tex.Juris. § 3, p. 649.

These conclusions require a reversal of the appealed-from judgment, and a remanding of the cause to the court below for another trial. It will be so ordered; reversed and remanded.