**HOWARD v. HOWARD.**

No. 8430.

Court of Civil Appeals of Texas. Austin.

Feb. 17, 1937.

Rehearing Denied Feb. 24, 1937.

Dan Moody and George Shelley, both of Austin, for appellant.

D. J. Pickle, Merton L. Harris, and Cofer & Cofer, all of Austin, for appellee.

BAUGH, Justice.

Appellant sued appellee for actual and exemplary damages for personal injuries resulting from an alleged assault and battery made upon him by appellee in October, 1933. In addition to general and special demurrers and general denial, appellee pleaded self-defense as justifying his conduct. The case was tried to a jury upon

special issues, and upon their answers thereto, judgment rendered for appellee; hence this appeal.

No statement of facts accompanies the record, and the only contention made is that the findings of the jury were in such irreconcilable conflict as to destroy each other, and that no judgment could properly have been rendered thereon. The issues involved and the jury's answers thereto were as follows:

1. "Do you find from a preponderance of the evidence that the plaintiff, Travis Howard, sustained an injury or injuries as the result of an assault and battery, if any, made upon him, the said Travis Howard, by the defendant, Eugene Howard?"

To which the jury answered, "Yes."

2. "Do you find from a preponderance of the evidence that such injury or injuries, if any you have found, were inflicted by the defendant, Eugene Howard, upon the plaintiff, Travis Howard, while the said Eugene Howard was not acting in self-defense?"

To which the jury answered: "Defendant was acting in self-defense."

4. "Do you find from a preponderance of the evidence that the assault and battery, if any, committed by the defendant, Eugene Howard, upon the person of plaintiff, Travis Howard, was a malicious act upon the part of the defendant, Eugene Howard?"

This question the jury answered, "No."

The court defined the terms assault, assault and battery, self-defense, malice, unlawful violence, malicious injury, and wilfully, and no complaint is made as to these. The appellant made no objection to the issues as submitted, but numerous objections were lodged against them by appellee. It is manifest that issue No. 4 was designed to elicit a finding on the issue of exemplary damages; and if the answer to issue No. 2 is to stand, there could, of course, have been no malice. And we think, in the light of the jury's answer to issue No. 2, that their answer to issue No. 4 should not be construed as meaning that they intended to find that an assault and battery, as defined in the court's charge, had been committed; but merely that there was no malice involved on the part of appellee.

It was incumbent upon appellant to prove an assault and battery, in legal contemplation, committed upon him in violation of law; and that he received injuries as a proximate result thereof. These issues should have been submitted separately and distinctly so as to avoid any confusion in that regard. Appellee objected to the form and manner of submitting issue No. 1, for that reason, and requested such separate submission of the elements involved, but the court overruled such objections and request. Appellant made no objections to this issue as framed. It is, we think, manifestly duplicitous, in that it required the jury in answer thereto to find, first, whether injuries were received; and, second, if so, whether they resulted from an assault and battery as that term had been defined by the court. The first part of the question inquired whether injuries were sustained; and the second part inquired whether such injuries if sustained, were the result of an assault and battery. The jury's answer thereto did not, we think, necessarily involve a finding that an assault and battery in legal contemplation had been committed. The jury apparently, in view of their answer to special issue No. 2, treated the term assault and battery as merely descriptive of the altercation involved, as they apparently did in answering issue No. 4. But issue No. 2, which submitted the element determinative of whether or not an assault and battery in violation of law had been committed, and the jury's answer thereto, was an express and specific finding against the appellant on that issue which barred any recovery by him. That being true, we think the trial court properly reconciled these apparently inconsistent findings of the jury, and rendered a proper judgment on the clear, definite, and unambiguous finding in answer to issue No. 2.

We are not here concerned with the question, there being no statement of facts, whether the trial court, under the authority given in the 1931 amendment (Acts 42d Leg. c. 77, § 1) to article 2211, R.S.1925 (Vernon's Ann.Civ.St. art. 2211) undertook to, or was authorized, to render a judgment non obstante veredicto under the circumstances and in the manner in said statute provided. To warrant a judgment non obstante veredicto under this amendment to the statute, it is now settled that it must be complied with. Hines v. Parks (Tex.Com.App.) 96 S.W.(2d) 970; Bell v. Henson (Tex.Civ.App.) 74 S.W. (2d) 455, 457. That was not done in the instant case. On the contrary, the judg-

ment affirmatively shows to have been rendered on the verdict as returned.

 The rule is well settled that where the findings of the jury are in irreconcilable conflict, they nullify each other and no judgment can be entered thereon. 41 Tex.Jur. p. 1226, § 361, and numerous cases cited in support thereof. The test in such case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant. But it is also a settled rule that where such apparent conflict can be reasonably reconciled; or where one finding is general and the other specific; or even where one finding is duplicitous, or ambiguous, and the other is definite and specific, a judgment may properly be entered thereon. And as stated in Bragg v. Hughes (Tex.Civ.App.) 53 S.W.(2d) 151, 153: "It is duty of the courts to construe verdicts as not irreconcilably conflicting when there is any reasonable explanation of seeming conflicts." See, also, Texas Ind. Ins. Co. v. Bridges (Tex.Civ.App.) 52 S.W.(2d) 1075, 1079 (writ ref.) In the latter case it is stated: "All the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper." See, also, Texas & P. Ry. Co. v. Gillette (Tex.Civ.App.) 100 S.W.(2d) 170, 175.

As stated, it was incumbent upon appellant to show that he sustained injuries as the result of his altercation with appellee; and, further, that such injuries were the result of an unlawful attack upon him. Both of these matters were included within special issue No. 1. In answer to the following issue No. 2, the jury found that there was no assault and battery in legal contemplation. Under these circumstances, therefore, we think the trial court was authorized to reasonably construe the answer to special issue No. 1 as being the jury's conclusion that appellant had sustained injuries, which they were asked to find, and not as a finding that appellee was guilty of an unlawful assault and battery, of which latter issue they found him not guilty in the next question submitted to them. This construction reconciles the apparent conflict, and is, we think, a reasonable one. The judgment of the trial court is therefore affirmed.