## A. B. C. STORES, INCORPORATED, V. MAE TAYLOR.

App. No. 25371. Decided February 5, 1941.
(148 S. W., 2d Series, 392.)

90

*Orgain, Carroll & Bell, Major T. Bell* and *John G. Tucker,* all of Beaumont, for plaintiff in error.

PER CURIAM:

This case (145 S. W. (2d) 294) is before us upon application for writ of error. The trial court's judgment was reversed and remanded by the Court of Civil Appeals because of a conflict in the jury findings with respect to defendant's negligence. The Court of Civil Appeals correctly holds that the findings of negligence on the part of defendant destroy each other.

■ The jury further found that plaintiff was guilty of contributory negligence proximately causing her injuries. Defendant insists that in the light of this finding the Court of Civil Appeals should have affirmed the judgment for defendant.

Ordinarily such finding of contributory negligence would require a rendition of judgment in defendant's favor. Southern Pine Lumber Co. v. Andrade, 132 Texas 372, 124 S. W. (2d) 334.

■ The record shows, however, that the jury's finding, in effect, upon the issue of unavoidable accident, was that the occurrence upon which recovery was sought was an accident. This finding, carrying with it, as it does, the further finding that neither plaintiff nor defendant was guilty of negligence, is in conflict with the finding that plaintiff was contributorily negligent, as well as with the finding that defendant was negligent.

The trial court should have sustained plaintiff's motion to return the jury to its room for further consideration of the charge,

■ The trial court should have sustained plaintiff's motion to return the jury to its room for further consideration of the charge, pointing out in this connection (without comment) the issues the findings to which are in conflict; and should have denied defendant's motion to render judgment in its favor.

While the judgment of the Court of Civil Appeals reversing and remanding the cause is correct, the ground upon which its judgment is predicated is erroneous.

■ The instruction of the Court of Civil Appeals to omit upon another trial the general charge contained in the second paragraph of the court's definition of unavoidable accident, is correct.

The application for writ of error is dismissed "W. O. J.— Correct Judgment." Vernon's Ann. Civ. St. art 1728; Republic Ins. Co. v. Highland Park Independent School Dist., 133 Texas 545, 125 S. W. (2d) 270.

Opinion delivered February 5, 1941.

Rehearing overruled February 26, 1941.