**MOHAN v. SAFEWAY STORES, Inc.,
OF TEXAS.**

No. 2952.

Court of Civil Appeals of Texas.
Waco.

March 8, 1951.

**814**

F. R. Valentine, Q. Z. Valentine, and Clark & Fisher, all of Waco, for appellant.

Sleeper, Boynton, Darden & Burleson, and Peeler Williams, Jr., all of Waco, for appellee.

TIREY, Justice.

This is a damage suit. The action is one in tort brought to recover damages for injuries sustained by appellant when she suffered a fall while an invitee on the store premises of appellee. The case was tried to a jury, which returned a verdict, and the verdict was received and accepted and the jury discharged. Appellant seasonably filed her motion asking the court to declare a mistrial and grant a new trial on the ground that the answers of the jury were in irreconcilable conflict. Appellee seasonably filed motion asking the court to enter judgment disregarding some of the jury findings and to enter judgment for defendant. The court overruled appellant's motion and granted appellee's motion and entered a "take nothing" judgment in favor of defendant and thereafter appellant seasonably filed motion for new trial, which was overruled, and she perfected her appeal.

Appellant's points 1, 2, and 3 assail the judgment of the trial court substantially on the ground that the issue of unavoidable accident was raised by the pleadings and evidence and that the findings of the jury on material issues were in irreconcilable conflict, and that by reason thereof the trial court should have granted a new trial.

The jury in its verdict found that defendant did not fail to have its parking lot lighted at the time of the accident; (3–A) that the curbing where the accident happened rendered the premises in a condition that was not reasonably safe for customers using the premises while in the exercise of ordinary care, but (4) that defendant did not fail to give plaintiff notice of the curb at the time and place in question; (7) that the failure of the defendant to provide a curb rail was negligence, and (8) that such negligence was the proximate cause of plaintiff's injuries; (10) that plaintiff, in attempting to cross the curb, failed to raise her foot sufficiently high to clear such curb, but (11) that such failure was not negligence; (13) that plaintiff failed to keep a proper lookout when approaching such curb, and (14) that such failure proximately contributed to cause her injuries and damages; (15) that plaintiff did not fail to exercise ordinary care to discover and avoid said curb, and (18) that her failure to walk around said curb was not negligence; (20) that the curb against which plaintiff hung her foot on the occasion in question was not so plainly observable that an ordinary prudent person would have known thereof in the exercise of ordinary care, and further found (22) that the injuries and damages to plaintiff were the result of an unavoidable accident.

It is the contention of appellant that the rule announced by our Supreme Court in A B C Stores, Inc., v. Taylor, 136 Tex. 89, 148 S.W.2d 393, is applicable and controlling here. Appellee says that since the evidence does not raise the issue that something other than the negligence of Mrs. Mohan or the Safeway Stores caused her to fall, this case is ruled by Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, 792. The rule there stated is: "* * * that if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident." Appellee, in making the application of the foregoing rule to the factual situation here, says: "Either the negligence of Safeway Stores or the negligence of Mrs. Mohan or the negligence of both caused the injuries of which she complains. Therefore, the trial court did not err in disregarding the special issue finding. When the special issue finding of unavoidable accident was disregarded, the conflict on seemingly material issues was removed, thus permitting the entry of a

judgment in favor of the appellee, the jury having found that Mrs. Mohan was guilty of negligence proximately causing her injuries in failing to keep a proper lookout." We have considered the evidence tendered very carefully and we are not in accord with this view. Appellee's store was located on the south side of Elm Street in Waco and it had constructed a curb that began at the northwest corner of its store and extended at an angle until it reached the sidewalk. This curb was 14 feet long, 7½ inches high, and about 4 inches wide at the top, and tapered down shortly before it reached the sidewalk. The parking lot of appellee was on the west side of the building and those persons parking next to the west wall of the building could walk a few feet farther west and reach the sidewalk and avoid the curb, otherwise it was necessary for them to step over the curb before reaching the sidewalk leading to the entrance of the store. Appellant went to the store on September 20, 1947, and parked her car in the parking lot next to the west wall of the building and entered the store at about 6:00 P. M. Evidence was tendered to the effect that several cars were parked along the west wall and that Mrs. Mohan walked behind these cars toward the front of the store after she got out of her car and while going into Safeway Stores to purchase her groceries. Plaintiff came out of the store shortly after seven o'clock and the grocery boy carried her groceries, which consisted of two packages, to her car. Mrs. Mohan testified to the effect that she came out of the store where the lights were into the darkness and that at the place where she stumbled over the curb it was quite dark. On the way to the car the boy walked in front of her (she being slightly to his left) and proceeded to cross the curb, but there was no evidence that the boy called the curb to Mrs. Mohan's attention. It was her first visit to the store premises and she said she did not see the curb and did not know it was there until she "hung" her right foot against the curb and fell. Appellant's left leg is an inch shorter than her right and there is an atrophy of the left leg, it being smaller than her right leg; x-ray pictures show an abnormality of the left hip socket; "it is a shallow hip socket, and the head of the bone is almost—is very unstable, because there is not enough overhang of the hip socket to hold it stable, and there is some roughening of the hip joint indicating arthritis. There is a distortion of the angle of the hip bone"; a normal hip angle is about 127 degrees; "this one is much straighter, it is more than 127 degrees * * * maybe about 150 degrees"; the head of the femur is at a different angle from the head of the femur on the right side. Mrs. Mohan had been a cripple from infancy; she had to be careful about how she walked; she was conscious of her physical condition, but she worked and had worked almost every day since 1918.

 Our courts have defined "unavoidable accident" as follows: "An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable." Dallas Ry. & Terminal Co. v. Darden Tex.Com. App., 38 S.W.2d 777, 778, 779, point 1. In this opinion we also find this statement: "It is impossible to announce a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented. In order to determine whether such issue is involved, the facts of each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law." This statement is not in conflict with the rule quoted from Hicks v. Brown, supra. Nor do we see any substantial difference in the rule to be followed in determining whether or not given acts constitute negligence, which is essentially a jury question. See J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698, op. adopted by S. Ct.

 Applying the rule of our Supreme Court set out in Dallas Ry. & Terminal Co. v. Darden, supra, to determine whether the

issue of unavoidable accident is presented by the evidence in this case, it is our duty as a reviewing court to weigh carefully all of the testimony to determine whether or not a jury might under any theory of the evidence exonerate both plaintiff and defendant from acts of negligence and attribute the accident to anything other than the negligent acts of the parties involved.

The court, in its charge, instructed the jury: "By the term unavoidable accident as used herein, is meant an occurrence which is not proximately caused by the negligence either of the plaintiff or of the defendant's agents, servants or employees." It is our view that under the court's charge and the evidence tendered the jury could have acquitted both appellant and appellee of any negligence proximately causing appellant to fall. The jury could have found that appellee was not guilty of negligence in constructing and maintaining the curb at the corner of its store for the reason that it was necessary to keep the parked automobiles over in the parking area from rolling on to the sidewalk. It could have found that the curb was not a hazard to the store's invitees in the condition it was in at the time Mrs. Mohan received her fall, inasmuch as this was the first notice appellee had of a fall at the curb. It could have found that the premises at the point of the accident were in a reasonably safe condition for customers using such premises while in the exercise of ordinary care. Turning to Mrs. Mohan's side of the controversy, we think the jury, with consistency, could have found that Mrs. Mohan was guilty of no act of negligence proximately causing her injuries, since testimony was tendered to the effect that appellant's left leg was an inch shorter than her right leg and that it was smaller and weaker than her right leg and that she had had treatments in an effort to strengthen her left leg and that she had been a cripple since infancy and that she walked with a noticeable limp. But appellee says: "There is not a scintilla of evidence that Mrs. Mohan's crippled condition caused her to stumble over the curb. She testifies over and over that the thing that caused her to fall and sustain her injuries was the un-

lighted and unguarded curb. Mrs. Mohan also testified that since she was crippled that she was susceptible to falling, and had fallen before, and, therefore, she was very cautious in walking. Accordingly, the evidence, viewed most favorably from her standpoint, is that she was approaching the curb in question with extreme care and caution. In any event, as above stated, there is absolutely no evidence that Mrs. Mohan's crippled condition was a proximately contributing cause of her injuries. On the contrary, all of the proof, and in particular her own testimony, discloses that she walked with extreme care and, therefore, her crippled condition had nothing whatsoever to do with her falling." We do not share the conclusion drawn by appellee. We think that the jury could have believed that she was walking very cautiously as she approached the curb, not knowing it was there, and at the same time would have the right to have inferred that although she stumbled by striking her right foot against the curb, the jury could have believed and have found that, notwithstanding that fact, her stumbling and her fall was due to the fact that the left leg was shorter and weaker than her right one, and for that reason she did not raise it quite high enough to clear a 7½ inch curb, 4 inches wide at the top, and that but for such shortness and weakness of the left leg she would not have struck the curb with her right foot, or, having struck it, she would not have fallen and received her injuries, and by reason thereof the accident was unavoidable. Such theory is consistent with the jury's answers to Special Issues Nos. 10 and 11, because there the jury found (10) that she did fail to raise her foot sufficiently high to clear the curb, but (11) that such failure did not constitute negligence.

█ In this case no request was made to the trial court to send the jury back to the jury room for further deliberations when the verdict was returned, but both plaintiff's and defendant's counsel have stated orally in argument to this court that the court misread the answer to Special Issue No. 22, and read that "it was not the result of an unavoidable accident", when in fact the

jury had answered that "it was the result of an unavoidable accident." The verdict was received and filed and the jury discharged and neither counsel nor the court discovered that the court had misread the jury's answer to the issue on unavoidable accident until the next day. But for the foregoing exception the factual situation here is very similar to the case of A B C Stores, Inc., v. Taylor, supra. We cannot say what the jury would have done had this conflict been pointed out to them by the trial court. As above stated, it is our view that the jury could have acquitted Mrs. Mohan of negligence proximately causing her fall, and such verdict would have been supported by the evidence. The jury could at the same time have acquitted the defendant of any negligence proximately causing the fall, and the evidence would have sustained it, and such answers would have been consistent with their verdict that it was an unavoidable accident.

■ Because we think the issue of unavoidable accident was tendered by the evidence, the jury's answer thereto is in irreconcilable conflict with the jury's answers to the controlling issues of primary negligence and, under the record here made, the court should have granted appellant's motion for a new trial. See Fidelity & Casualty Co. of N. Y. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, point 9. Since we think the issue of unavoidable accident was tendered, it is our view that our holding here is not in conflict with Hicks v. Brown, supra. (Since Hicks v. Brown is controlling, discussion of other cases would be of no avail.)

■ Appellant's fourth point assails the action of the trial court in disregarding the jury's answers to Special Issues Nos. 7 and 8, and says in effect that it was error for the court to do so because Issues 7 and 8 were based on the jury's answer to Special Issue No. 3–A. We sustain this contention. Special Issue 3–A was: "Do you find from a preponderance of the evidence that the curb in question rendered the premises of the defendant in a condition that was not reasonably safe for customers using said premises while in the exercise of ordinary care?", to which the jury answered: They were not reasonably safe." The court instructed the jury: "If you have answered Special Issue No. 3–A 'They were not reasonably safe', then in that event only you will answer Special Issue No. 7." Special Issue No. 7 was: "Do you find from a preponderance of the evidence, if any, that the defendant's failure to provide any curb rail at the time and place in question was negligence?", to which the jury answered: "It was." "If you have answered Special Issue No. 7, 'It was', then you will answer Special Issue No. 8, otherwise you need not answer Special Issue No. 8." "Special Issue No. 8: Do you find from a preponderance of the evidence, if any, that such negligence, if any, was the proximate cause of plaintiff's injuries, if any?", to which the jury answered: "It was." Since the defendant was conducting a store where the public was invited (opened, at times, for business after dark), we think it was charged with knowledge of the fact that women and children, people with good and bad eyesight and people with physical disabilities, would be or might be customers in its store. Since the curb in question was 7½ inches high and 4 inches wide at the top, we think a fact question was presented for the jury to determine whether or not the store owed the duty to place a guard rail on such curb. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, points 1 and 2; Walgreen Texas Co. v. Shivers, 137 Tex. 493, 154 S. W.2d 625.

■ Believing that a fact question was tendered by all the evidence in this case as to whether or not defendant owed the duty to erect a guard rail on the curb, we think the court was without authority to disregard the jury's findings to Special Issues Nos. 7 and 8, and that this view is not in conflict with Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.

LESTER, C. J., took no part in the consideration or disposition of this case.