the jurors called for a reversal of the conviction.

In Evans v. State, 151 Tex.Cr.R. 265, 207 S.W.2d 622, 623, we held that a new trial should have been granted where it was shown that one of the jurors said in the jury room, "That nigger has been guilty before."

See also Washington v. State, 161 Tex.Cr.R. 440, 277 S.W.2d 721, and cases there cited.

We further observe that there was no evidence to support the allegation in the indictment that the instrument which was inserted into the "womb" of the prosecutrix was "metallic."

Because of the receipt of new and harmful matters by the jury during their deliberations, the judgment is reversed and the cause remanded.

Ruth Verlee BRADFORD et al., Appellants,

v.

Alex ARHELGER, Jr., Appellee.

No. 10688.

Court of Civil Appeals of Texas.

Austin.

Oct. 21, 1959.

Rehearing Denied Nov. 4, 1959.

Lawrence Bruhl, Llano, Charles J. Lieck, San Antonio, for appellants.

Brown, Sparks & Erwin, Austin, for appellee.

GRAY, Justice.

Appellants, Mrs. Ruth Verlee Bradford, Nancy Lee McIntyre and Mrs. Victorine Davis joined by her husband, H. D. Davis, sued appellee, Alex Arhelger, Jr. for damages resulting from a collision between an automobile driven by C. D. Bradford and one driven by appellee. C. D. Bradford died from injuries received in the collision, Mrs. Ruth Verlee Bradford is his surviving wife and Nancy Lee McIntyre and Mrs. Victorine Davis are his surviving adult daughters.

In answer to special issues a jury found that appellee was guilty of negligence: in failing to keep a proper lookout and in operating his automobile partially upon his left hand side of the road, and that each was a proximate cause of the collision. The jury also found that C. D. Bradford was guilty of negligence in: failing to keep a proper lookout; in failing to have his automobile under proper control, and in operating his automobile partially on his left hand side of the road and further found that each of said acts of negligence was a proximate cause of the collision. The jury further found that the collision was an unavoidable accident. The trial court instructed the jury that by the term unavoidable accident as used in the issue "is meant an event not proximately caused by the negligence of any party to it."

The jury answered "none" to all damage issues.

The jury's verdict was received and thereafter appellants filed their motion for a mistrial and appellee filed his motion for judgment on the jury's verdict. Appellants' motion was overruled, appellee's was granted and appellants filed their motion for a new trial which was overruled.

Appellants here present points to the effect that the jury's findings are in fatal conflict and that the answers to the damage issues are so against the great weight and preponderance of the evidence as to be manifestly unjust.

In his brief appellee "concedes that the jury answers of 'None' to the issues on plaintiff's damages are not supported by the evidence and cannot stand."

We think it is not necessary to discuss the evidence. However we will notice that no motion to disregard the jury's answer to any issue was filed. This is deemed necessary in view of the fact that it has been argued here that the jury's finding that the collision was an unavoidable accident has no support in the evidence and that the trial court so concluded.

■ Rule 301, Texas Rules of Civil Procedure, in part provides:

"Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

Appellee's motion for judgment was for a judgment against appellants "upon the verdict of the jury returned herein on the first day of October, 1958." This motion was directed to the entire verdict and neither it, nor any other motion in the record is directed to any particular issue. In this state of the record the trial court could not set aside or ignore the jury's answer to any particular issue. Hancock v. Sammons, Tex.Civ.App., 267 S.W.2d 252, 255–256. Err. ref., n. r. e. Jinks v. Whitaker, Tex.Civ.App., 195 S.W.2d 814. Er. ref., n. r. e. Jinks v. Whitaker, 145 Tex. 318, 198 S.W.2d 85. In this case the Court of Civil Appeals, Jinks v. Whitaker, 195 S. W.2d at page 817, said:

"A motion to disregard one or more special issues, but not the whole verdict, must be directed to the objectionable special issues and point out the reason or reasons why they should be disregarded. This is clearly the meaning of Rule 301, Texas Rules of Civil Procedure, * * *"

In Hines v. Parks, 128 Tex. 289, 96 S.W. 2d 970, 972, the court considered the right of a trial court to disregard a jury finding under Art. 2211 which is the source of Rule 301, supra, and the wording of which the Rule contains. The court said:

"* * * the only authority which the court has to disregard such finding is that given by the statute; and, of course, as the right is conferred by the statute, it can be exercised only in the manner and under the circumstances prescribed by the statute."

We need only to insert the word rule for statute in the above quote to make the language applicable to the facts here.

■ The jury convicted appellee of negligence proximately causing the collision and also convicted C. D. Bradford of like negligence. These findings of course, if standing alone, would support a judgment for appellee. Also the finding of unavoidable accident, if permitted to stand, would support a judgment for appellee. This latter issue, under the instruction supra, was a finding that the collision was not proximately caused by the negligence of any party to it.

Under the record before us the findings are of equal dignity and cannot stand together. Factually the collision was proximately caused by the negligence of appellee, or of C. D. Bradford, or both of them, or, if it was an unavoidable accident, then, under the instruction supra, it was not proximately caused by the negligence of any party to it.

We are then confronted with findings that the collision was proximately caused by the negligence of the parties to it and the finding that it was not proximately caused by the negligence of any party to it. A. B. C. Stores v. Taylor, 136 Tex. 89, 148 S.W.2d 392, 393, is directly in point on the facts and the question here presented. There in a Per Curiam opinion the court said:

"The record shows, however, that the jury's finding, in effect, upon the issue of unavoidable accident was that the occurrence upon which recovery was sought was an accident. This finding, carrying with it, as it does, the further finding that neither plaintiff nor defendant was guilty of negligence, is in conflict with the finding that plaintiff was contributorily negligent, as well as with the finding that defendant was negligent."

The cause was reversed and remanded.

Appellee cites and relies on the rule announced in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991, as decisive of the question of conflict here presented and as requiring an affirmance of the trial court's judgment. We do not agree for the reason that in that case there was absent any finding of causation which finding is present here. There Dunn sued to recover damages sustained when his automobile collided with the rear end of the Furniture Company's truck while such truck was stopped partially on the paved portion of a highway. It was urged that a mistrial should have been declared because of conflict in the jury's answers on failure to keep a proper lookout which, under given instructions, constituted a finding of negligence. However there was no finding that such negligence was a proximate cause of the collision. The court said:

"Since the essential element of proximate causation is lacking in the verdict, the conflict in the answers to Special Issues Nos. 15 and 16 is not fatal."

And further said that:

"* * * the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered."

Texas Employers' Insurance Association v. Collins, 156 Tex. 376, 295 S.W.2d 902, 905, was a Workmen's Compensation case. There the jury found total permanent disability and in answer to conditionally submitted issues found that such total disability was temporary followed by findings of permanent partial disability. Conflict in the jury's answers was urged. The Little Rock Furniture case supra was cited in the opinion and the court concluded:

"From the lay point of view the verdict in the instant case is clearly conflicting. And looking at it as a lawyer might look at a will or written contract, it would be about as difficult to exclude an intent to find temporary-total plus permanent-partial as to exclude an intent to find permanent-total. The use of conflict-avoiding 'formulas' such as Mr. McDonald, supra, describes as 'escape mechanisms' that 'give ample room for metaphysical exercise' (Vol. 3, pp. 1273 and 1275) does, indeed, serve the generally laudable purpose of avoiding the trouble, delay and expense of new trials. But, since such rules are essentially some-

what 'technical' in tending to resolve, at the expense of one of the litigants, a situation wherein the intent of the jury is actually in doubt, new ones should not be adopted nor the established ones extended, except with considerable caution. With this policy in mind we conclude that justice will be better served in the instant and similar cases by not disregarding the answers creating the conflict, even though they were given in violation of the conditions attached to the corresponding issues. We thus avoid the not at all unlikely possibility of a final decision based on findings that the jury did not intend."

This holding then modifies the test of fatal conflict announced in the Little Rock case supra "by not disregarding the answers creating the conflict." This conclusion is made certain by the following statement:

"Naturally our holding displaces any express or implied rule of the above discussed decisions that may be in conflict with it."

The last announcement by the Supreme Court on the question of conflict of which we are aware is that in Texas Pacific Railway Company v. Snider, Tex., 321 S.W. 2d 280, 282. There the court said:

"A conflict in jury findings will not prevent the rendition of judgment and require a mistrial unless the findings, considered separately and taken as true, would compel the rendition of different judgments."

When we treat the jury's findings as of equal dignity, as we must, 41–B Tex. Jur. Sec. 582, p. 802, the findings of negligence are destroyed by the finding of no negligence (unavoidable accident) and vice versa. In this state of the record then there is no finding as to the cause of the collision and the intent of the jury is in doubt. However the findings of negligence proximately causing the collision

(the negligence of both drivers) would support a judgment for appellee as would the finding that it was an unavoidable accident and the rule announced in the Snider case supra is applicable.[1]

The judgment of the trial court is affirmed.

HUGHES, J., dissenting. For dissenting opinion see 329 S.W.2d 442.

1. The findings of negligence proximately causing the collision are destroyed and cannot be reconciled and no findings on that issue remain. Unless it can be said that appellants failed to secure any finding entitling them to judgment then the result is that they are denied the right of a trial of their alleged cause of action and likewise appellee is denied the right of a trial of his alleged defense. Appellants are here complaining. See language in opinion Fidelity & Casualty Co. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955. The findings in the Snider case are different from the findings here but the quoted statement of the court is in no manner qualified and it, being the last announcement of the Supreme Court, controls our decision to the exclusion of prior cases even though those cases are not expressly overruled. To the writer it appears that here justice would be best served by declaring a mistrial however this view is not any part of the opinion.