Ruth Verlee **BRADFORD** et al., Appellants,

v.

Alex **ARHELGER, Jr.,** Appellee.

No. 10688.

Court of Civil Appeals of Texas.

Austin.

Oct. 21, 1959.

For majority opinion, see 328 S.W.2d 317.

HUGHES, Justice (dissenting).

Insofar as the majority holds that notwithstanding the conflicting jury issues judgment was properly entered for appellee, I respectfully dissent.

"The rule is well settled that where the findings of the jury are in irreconcilable conflict, they nullify each other and no judgment can be entered thereon."

Howard v. Howard, 102 S.W.2d 473, 475, Austin Court of Civil Appeals, writ ref., Pearson v. Doherty, 143 Tex. 64, 183 S. W.2d 453. These cases were cited with approval in Texas & P. Ry. Co. v. Snider, Tex., 321 S.W.2d 280. Also, Fidelity & Casualty Co. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955.

In A.B.C. Stores v. Taylor, 136 Tex. 89, 148 S.W.2d 392, it was held that a finding of unavoidable accident conflicted with findings of negligence by the parties.

This holding was applied and followed by the Beaumont Court of Civil Appeals in Christopherson v. Whittlesey, 197 S.W.2d 384, writ ref., N.R.E., in a fact situation identical with the one presented here. I quote from that opinion:

"In answer to the special issues, the jury found appellee guilty of many acts of negligence that were the proximate cause of the collision and the resulting damages to the appellants; further that the collision was an unavoidable accident; and further the jury found that all appellants were guilty of acts of negligence that proximately caused or proximately contributed to cause the collision and resulting damages; * * *."

Judgment was entered for the defendant after the Trial Court had overruled plaintiff's motions for a mistrial and a new trial on the ground of conflicting issues.

In disposing of this question on appeal, the Court said:

"The several findings of the jury being of equal dignity until set aside under a proper attack, we are of the opinion that the finding that the collision in question was an unavoidable accident had the effect of destroying the finding of the jury that the appellants were guilty of various acts of negligence which were a proximate cause of the collision and resulting damages. The same is true as to the finding of the

jury that the appellee was guilty of various acts of negligence which were a proximate cause of the collision in question and the resulting damages. Therefore, we are of the opinion that the trial court was unauthorized to enter judgment for either party upon said verdict, and having overruled appellants' motion for a mistrial the court should have granted their motion for a new trial. For this failure so to do, this cause is reversed and remanded for another trial."

To the same effect is Mohan v. Safeway Stores, 237 S.W.2d 813, by the Waco Court of Civil Appeals.

Under these authorities I believe the findings in question here are, like the Kilkenny Cats, mutually destructive. If so there are no findings upon which a judgment could be based for either party and the trial was abortive.

I would remand the cause for trial.