RUTH VERLEE BRADFORD ET AL V. ALEX ARHELGER, JR.

No. A-7594. Decided November 30, 1960.
Rehearing Overruled December 31, 1960.
(340 S.W. 2d Series 772)

*Lawrence Bruhl,* of Llano, *Lieck & Lieck* and *Charles J. Lieck,* of San Antonio, for petitioner.

*Brown, Sparks & Erwin* and *Will G. Barber,* of Austin, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

Mrs. Bradford brought this suit against Alex Arhelger, Jr. to recover damages for personal injuries and for the death of her husband that resulted from an automobile collision.

The jury made the following findings:

(a) that respondent Arhelger was negligent in failing to keep a proper lookout and in operating his automobile partially on the left-hand side of the road, and that each such act of negligence was a proximate cause of the collision;

(b) that C. D. Bradford was negligent in failing to keep

a proper lookout; in failing to have his automobile under proper control; in operating his automobile partially on the left-hand side of the road; that each of such acts of negligence was a proximate cause of the collision; and

(c) that the collision was an unavoidable accident.

Mrs. Bradford filed a motion for mistrial alleging an irreconcilable conflict in respect to these findings. The trial court overruled that motion and entered judgment for respondent Arhelger on the jury's verdict. That judgment has been affirmed by the Court of Civil Appeals. 328 S.W. 2d 317.

The controlling question presented here is whether or not the answers of the jury to the special issues are in such irreconcilable conflict that the judgment entered on the verdict must be reversed for a new trial.

Admittedly, A.B.C. Stores, Inc. v. Taylor, 136 Texas 89, 148 S.W. 2d 392 (1941), is directly in point and fully supports petitioners' contention, and the question now before us is whether or not the later case of Little Rock Furniture Mfg. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985, overruled *A.B.C.* *sub silento.*

In *Little Rock* this court again approved the statement contained in Howard v. Howard, 102 S.W. 2d 473, 475, wr. ref., viz:

"The test in such a case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant."

The court then said:

"To apply this test, the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered."

Here, the court has rendered judgment for the defendant.

We are confronted with two conflicts — a conflict between the findings of unavoidable accident and the finding that the defendant's negligence was a proximate cause of the injuries, and a conflict between the finding of unavoidable accident and the finding that the plaintiff's negligence was a proximate cause of the injuries.

■ Applying the test of the Little Rock case to the first conflict. If we disregard the finding of unavoidable accident but take into consideration all of the rest of the verdict, a judgment for the defendant would be required because of the finding that the plaintiff's negligence was a proximate cause of the collision. If we disregard the finding that the defendant's negligence was a proximate cause of the collision and consider all of the rest of the verdict, a judgment for the defendant would also be required because there would be no finding that the defendant was negligent or that such negligence was a proximate cause of the collision.

Applying the test to the second conflict: If we disregard the finding of unavoidable accident and consider all of the rest of the verdict, a judgment for the defendant would be required because of the finding that the plaintiff's negligence was a proximate cause of the collision. If we disregarded the finding that the plaintiff's negligence was a proximate cause of the collision and consider all of the rest of the verdict, we are left with findings that the defendant's negligence was a proximate cause of the collision and that the collision was an unavoidable accident. Quite obviously, in that situation a judgment could not be rendered for the defendant. The situation which then confronts us is just as though the jury had found that the plaintiff was not negligent, that the defendant's negligence was a proximate cause of the collision and that the collision was an unavoidable accident. Quite obviously, in that situation a judgment could not be rendered for the defendant. The situation which then confronts us is just as though the jury had found that the plaintiff was not negligent, that the defendant's negligence was a proximate cause of the collision and that the collision was an unavoidable accident. Such findings are themselves in fatal conflict and will not support a judgment. Bransford v. Pageway Coaches, 129 Texas 327, 104 S.W. 2d 471; Texas Interurban Railway Co. v. Hughes, Comm. App., 53 S.W. 2d 448.

The result of a strict application of the *Little Rock* test to

the jury findings in the case before us is that in three situations a judgment for the defendant would be required, but in the fourth situation no judgment could be rendered for either party. In the fourth situation, the only order that could be rendered would be one of mistrial. It is true that under no conceivable application of the test could a judgment be rendered for the plaintiff, and it may be conceded that in approving the test announced in Howard v. Howard in the Little Rock case, the court was of the opinion that an application of the test would always result in resolving the findings so that in all instances a judgment could be rendered either for the plaintiff or the defendant. The instant case presents jury findings which clearly indicate that this particular concept was unsound. To that extent the Little Rock rule must be qualified, for we cannot permit a verdict to stand when the findings are in such conflict that an application of the Little Rock rule develops a situation in which a judgment could not be entered for either party.

We conclude, therefore, that A. B. C. Stores, Inc. v. Taylor, was not overruled by Little Rock Furniture Mfg. Co. v. Dunn, and that consequently the decision here is ruled by the A. B. C. Stores case.

The judgments of the courts below are reversed and this cause remanded to the trial court for another trial.

Opinion delivered November 30, 1960.

MR. JUSTICE CULVER, joined by JUSTICES GRIFFIN, GREENHILL, and HAMILTON, dissenting.

Admittedly A. B. C. Stores, Inc. v. Taylor, 136 Texas 89, 148 S.W. 2d 392 (1941) is directly in point and supports the result reached by the majority. However, I would expressly depart from that holding, as I think this court has done by implication in Little Rock Furniture Mfg. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985 (1949), and apply the rule therein set out. While the facts were not analogous to those in the present case, yet the rule there stated is broad, comprehensive and admits of no misunderstanding. We said in Little Rock Furniture Co. v. Dunn: "To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it." This rule had formerly been announced by this court in Pearson v. Doherty, 143 Texas 64, 183 S.W. 2d 453 (1944). In that case we

approved this formula as laid down in Howard v. Howard (Texas Civ. App.), 102 S.W. 2d 473, writ refused, namely: "The test is such [a] case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant."

In the case before us the jury found that (1) the plaintiff was negligent and the negligence a proximate cause; (2) that the defendent was negligent and that negligence was the proximate cause; (3) that the collision was an unavoidable accident. Applying the rule then, if we disregard the finding of unavoidable accident and consider the rest of the verdict, the judgment would go against the plaintiff. If we disregard the jury's findings of negligence judgment would still be be rendered against the plaintiff.

I think this is not only the law as decided by this court but it is sound common sense. Here the plaintiff has lost both on the ground of contributory negligence and on the issue of unavoidable accident. While both findings under the charge of the court would not be warranted, it would seem altogether reasonable that one or the other must be correct.

The majority says that the Little Rock rule cannot be applied because if we disregard the finding of plaintiff's contributory negligence there remain the conflicting findings of the defendant's negligence and that the collision was the result of an unavoidable accident, and in such a case a judgment could not be rendered for the plaintiff nor for the defendant. While we are concerned with three separate findings, actually the conflict consisted in the findings that both parties were negligent and that neither party was negligent. So that I think the Little Rock rule is applicable in principle and in sound reasoning.

If the trial court had acted under the provisions of Rule 295, Texas Rules of Civil Procedure, before retiring the jury to reconsider, he would have pointed out that the collision could not be unavoidable if either party were guilty of negligence and that on the contrary neither party could be guilty of negligence if the collision were unavoidable. The jury would then resolve the conflict either by finding that there was no negligence on the part of either party or that the collision was not an unavoidable accident. To me it would seem wholly unreasonable that the jury would do otherwise. In either event the defendant would have prevailed and the plaintiff could not recover.

The petitioner argues that if the jury had been retired to consider the conflict they might have found only that there was no contributory negligence on the part of the plaintiff. There would remain then, she says, the conflict between unavoidable accident and negligence on the part of the defendant and had the court returned the jury again for further consideration they could have eliminated that conflict by finding that it was not an unavoidable accident, thus eventually resulting in a verdict for plaintiff. While such a course would be within the realm of possibility, it does not accord with probabilities. The fact that the petitioner did not move for the retirement of the jury to resolve the conflict would indicate that she had no confidence in that outcome.

So it seems to me nothing would be gained either from a legal or equitable standpoint by reversing this case to be tried over and thus afford the plaintiff another opportunity to obtain a jury verdict in her favor when in a fair trial the results have gone against her heretofore.

I would affirm the judgments of the trial court and the Court of Civil Appeals.

Opinion delivered November 30 ,1960.

Rehearing overruled December 31, 1960.