J.C. SMITH and Painting Contractors, Inc., Appellants,

v.

T.J. WASHBURN, d/b/a W & W Sales & Service, Appellee.

No. 12–84–0182–CV.

Court of Appeals of Texas, Tyler.

Oct. 31, 1986.

Clifton L. Holmes, Longview, for appellants.

Rob Foster, Longview, for appellee.

BILL BASS, Justice.

This is an action for conversion brought by T.J. Washburn, plaintiff/appellee, against T.C. Smith and Painting Contractors, Inc. (PCI), defendants/appellants. PCI is a corporation wholly owned by J.C. Smith and his wife. In two points of error, Smith and PCI contend that the court erred when it refused to render judgment in their favor, because the jury answered certain special issues favorably to defendants and one special issue had not been raised in Washburn's pleadings. In the alternative, Smith and PCI assert that the court erred when it submitted an incorrect measure of damages for conversion and when it failed to declare a mistrial after Washburn's attorney made prejudicial comments during voir dire. We affirm.

Washburn alleged in his pleadings that he was the owner of numerous pieces of equipment that were financed by East Texas Bank and Trust Company. He also alleged that Smith and PCI had converted this equipment. Although Washburn was an employee of Smith and PCI, the equipment was bought with the proceeds of bank loans obtained by Washburn solely on the strength of his credit. The loans were evidenced by notes and security agreements naming Washburn as the sole obligor. Apparently, Smith and PCI could not obtain financing for the equipment on their own credit because both were in acute financial distress. Although the bank looked only to Washburn for the satisfaction of the indebtedness, PCI began making payments on the notes for the equipment. PCI's financial woes continued and Washburn left its employ. At his departure, Washburn and Smith agreed that PCI could retain and use the equipment as long as PCI continued to make payments to the

bank. PCI fell behind on the payments and the bank notified Washburn that the balance on the notes was due. When he was told that the bank intended to foreclose on its security interests, Washburn sued Smith and PCI to sequester the equipment. However, Smith discovered that the writ of sequestration had been issued and he allegedly removed most of the equipment so that it could not be found by the officer serving the writ.

In Special Issue 1 the jury found that Smith and PCI had entered into an agreement with Washburn that ownership of the equipment would vest in PCI if PCI would keep the payments on the note current at the bank. They also found that Smith had converted the equipment, and they awarded Washburn a judgment in the amount of $155,000. However, the jury also answered "We do" to issues 16 and 16A, which inquired whether Washburn acted as agent and purchased the equipment for PCI.[1] Both sides submitted motions for a judgment on the verdict. Smith and PCI asked the court to enter a judgment in their favor based upon the jury's answers to issues 16 and 16A. They argued that the jury's affirmative answers to the conversion issues were immaterial because the jury had also answered "We do" to issues 16 and 16A. Washburn's motion for a judgment on the verdict requested the court to disregard the answers of "We do" to issues 16 and 16A because the answers were "meaningless and immaterial," taking into account the jury's affirmative answer to issue 1. The court entered a judgment that read:

> "It appearing that the verdict of the jury was for the Plaintiff and against Defendant, judgment should be rendered upon the verdict in favor of Plaintiff and against Defendant."

The judge ordered that Washburn recover $155,000 from Smith and PCI.

By their first point of error the appellants state that the trial court erred in failing to enter judgment in their favor on the basis of the jury's answers to Special Issues 16 and 16A. We recognize the merit of the appellants' argument that an agent who purchases property for his principal may not ordinarily sue his principal for conversion of that property. However, the jury found favorably to the appellee on the special issues regarding conversion of the equipment, and judgment was entered on those findings. Tex.R.Civ.P. 301. The trial court would have been without authority to disregard the jury's affirmative answers to the conversion issues. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966); Tex.R.Civ.P. 301.

We recognize that the answers to the special issues contain a fatal conflict and, if assigned as error, would have required that the verdict be set aside. *Little Rock Furniture Mfg. Co. v. Dunn,* 222 S.W.2d 985, 991 (Tex.1949). A conflict is fatal when, upon ignoring one of the conflicting findings and taking into consideration all of the remainder of the verdict having support in the evidence, either (1) each party might insist that he is entitled to a judgment, or (2) the remainder of the verdict would be in such a condition of conflict that no judgment could be rendered for either party. *Little Rock Furniture Mfg. Co.,* 222 S.W.2d at 991; *Bradford v. Arhelger,* 161 Tex. 427, 340 S.W.2d 772, 773 (1960).

We believe a fatal conflict exists between the answers to issues 1 through 15, in which the jury found that Smith and PCI had converted the equipment, and the answers to issues 16 and 16A, in which the

---

1. Issue No. 16: "Do you find from a preponderance of the evidence that at the time the equipment made the subject of this lawsuit was purchased, the Plaintiff, T.J. Washburn, was acting as the agent of Painting Contractors, Inc.?"

Issue No. 16A: "Do you find from a preponderance of the evidence that T.J. Washburn, purchased the equipment made the subject of this lawsuit for the purpose of vesting ownership of said property in Painting Contractors, Inc.?"

jury found that Washburn had been acting as an agent for Smith and PCI when he purchased the equipment. PCI and Smith could not convert equipment that PCI owned through the purchase of its agent. Disregarding the · answers to issues 1 through 15, Smith and PCI would have been entitled to a judgment in their favor based on the answers to 16 and 16A, the agency issues. However, disregarding issues 16 and 16A, Washburn would have been entitled to a judgment in his favor based on the answers to issues 1 through 15, the conversion issues. Thus, the verdict appears to contain a fatal conflict.

The Texas Supreme Court stated at one time that a fatal conflict in jury answers could not be waived, and that a judgment on such a verdict was fundamentally erroneous and must be set aside, even in the absence of an assignment of error. *Little Rock*, 222 S.W.2d at 991. However, subsequent decisions of the supreme court are to the contrary. *St. Louis Southwestern Ry. Co. v. Duke*, 424 S.W.2d 896, 898 (Tex. 1967); *St. Paul Fire & Marine Ins. Co. v. Murphree*, 357 S.W.2d 744, 748–49 (Tex. 1962); *see also State v. Sunland Supply Co.*, 404 S.W.2d 316, 319 (Tex.1966). Although we believe the trial court erred in ignoring the jury's answers to issues 16 and 16A, in the absence of an assignment of error regarding conflict in jury answers, we are unable to order that the verdict be set aside. The appellants' first point of error is overruled.

■ By their second point of error the appellants argue that the court erred in entering judgment based on the jury's answer to Special Issue No. 1, because that issue is based on a theory of recovery different from the theory pleaded. The error in the charge urged on appeal differs from the appellants' objection to the issue leveled at trial. No error is preserved. Moreover, we do not believe the issue complained of confused or misled the jury. The jury answered in favor of the plaintiff and against both defendants on all conversion issues. Error in the submission of an issue is harmless when the findings of the

jury in answer to other issues are sufficient to support the judgment. *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 750 (Tex.1980). The appellants' second point of error is overruled.

■ By their third point of error the appellants state that the plaintiff's recovery is limited to the amount of the debt owed on the property. The appellants rely on authority that a chattel mortgagee suing for conversion ordinarily may recover only the amount of the debt owed. *See* 15 Tex.Jur.3d *Conversion* § 53 (1981). However, plaintiff's posture in this action was that of an owner rather than a mortgagee of the property, and the limitations appropriate to recovery by a mortgagee are not applicable. The appellants' third point of error is overruled.

■ By their fourth point of error the appellants argue that the court erred in failing to declare a mistrial after appellee's attorney stated to the jury during voir dire that one of the appellants had invoked the fifth amendment to the United States Constitution during a deposition. We overrule this point of error, because we conclude that the judge's instruction to the jury panel following the remark was sufficient to dispel any prejudice toward the appellant, and that the remark was not reasonably calculated to cause nor probably did cause the rendition of an improper judgment. *State v. Lackey*, 576 S.W.2d 685, 690 (Tex. Civ.App.—San Antonio 1979, writ ref'd n.r. e.); Tex.R.App.P. 81(b).

Affirmed.