

# NUMBER 13-10-00070-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE FIDENCIO LINAN,**                                                  **Appellant,**

**v.**

**JOSE G. PADRON AND REYNALDO PENA,**                          **Appellees.**

---

## On appeal from 138th District Court
## of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Wittig[1]
Memorandum Opinion by Justice Wittig**

Appellant, Jose Fidencio Linan, filed an appeal from the final judgment presenting

eight issues. Appellees, Jose G. Padron and Reynaldo Pena, countered by filing a "Motion

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

to Dismiss for Want of Jurisdiction and Notice of Defect in Notice of Appeal that Cannot be Corrected." Because appellant's second motion for new trial was granted after the trial court's plenary jurisdiction had expired, we grant appellees' Motion to Dismiss for Want of Jurisdiction. We dismiss for want of jurisdiction.

## I. BACKGROUND

December 3, 2008, a jury returned a verdict apportioning negligence between the parties. Even though the jury found Padron's negligence was not a proximate cause of the occurrence in answering the first question, it nevertheless found Padron fifty percent negligent in causing the injury in answer to question two. Appellant filed a pre-judgment motion for new trial or in the alternative for judgment notwithstanding the verdict. On April 16, 2009, the trial court denied appellant's motion for new trial. However, the judgment was not signed until May 19, 2009. By operation of rule 306c, appellant's prematurely filed motion for new trial was deemed filed on May 19, 2009. TEX. R. CIV. P. 306c (stating that a prematurely-filed motion for new trial shall be deemed to have been filed on the date of the judgment but subsequent to the time of signing the judgment.)

June 17, 2009, appellant filed a second motion for new trial. On July 31, 2009, the trial court granted the second motion for new trial. On December 14, 2009, the trial court vacated the order granting the new trial and reinstated the judgment of May 19, 2009. Appellant filed a third motion for new trial on January 11, 2010, which was denied on January 14, 2010. Appellant filed his notice of appeal to this court on February 18, 2010.

In sum, the three critical dates in this appeal include May 19, 2009, when the judgment was signed, May 19, 2009, again, when the trial court's earlier denial of the

2

motion for new trial became effective, and July 31, 2009, when a new trial was ostensibly granted.

## II. STANDARD OF REVIEW

Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## III. DISCUSSION

Appellees argue that the trial court had no jurisdiction to enter the December 14, 2009 order vacating the July 31, 2009 order granting a new trial. The appellant had previously filed two motions for new trial and the first such motion was denied before the May 19, 2009 judgment. Thus, the second or amended motion for new trial filed on June 17, 2009, had to be ruled on within thirty days of the May 19 judgment. Plenary jurisdiction was lost June 18, 2009. In support of their argument that this Court lacks jurisdiction, appellees cite *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008). Under *Brookshire*, pursuant to rule 329b(e), the trial court retains plenary power for thirty days after overruling a motion for new trial. *Id.* However, the losing party may ask the trial court to reconsider its order denying a new trial—or the court may grant a new trial on its own initiative—so long as the court issues an order granting a new trial within its period of plenary power. *Id.* In *Brookshire*, the original motion for new trial was denied the day after the judgment was signed. *Id.* at 68. Rule 329b(b) provides that one or more motions for new trial may be filed without leave of court *before* any preceding motion for new trial is overruled *and within* thirty days after the judgment or other order complained of is signed. TEX. R. CIV. P. 329b(b).

3

Appellant argues that if a judgment is modified in any respect, the time for appeal runs from the time the judgment is modified, citing *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 390-91 (Tex. 2008). "[A] trial judge who modifies a judgment and then withdraws the modification has modified the judgment twice rather than never." *Id.* at 391. To the same effect, appellant argues the applicability of *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 231-232 (Tex. 2008) (holding that if a new trial is granted and later withdrawn, the appellate deadlines run from the later order granting reinstatement rather than the earlier order). Appellant further argues that because the May 19, 2009 judgment was reinstated by the December 14, 2009 order, the judgment was modified, and appellate deadlines are restarted under rule 329b(h). *See* TEX. R. CIV. P. 329b(h).

As appellees point out, *Arkoma* involves a trial court's suggestion of remittitur. *Arkoma,* 249 S. W. 3d at 390-91. In *Arkoma*, the motion for new trial was filed *after* the original judgment was signed and thus extended the time for appeal until ninety days after the judgment. *Id.* (citing TEX. R. APP. P. 26.1(a)). The case is not applicable because the motion for new trial had not been denied. TEX. R. CIV. P. 329b(b), (d), (e). *Arkoma* presents the more typical situation when a judgment is entered, and thereafter a motion for new trial is filed. The situation in *Arkoma* is not burdened by the applicability of rule 329b(e), terminating the trial court's plenary power thirty days after the motion for new trial is overruled. *Id.* In *Arkoma*, the motion for new trial was not filed prematurely, nor was it filed after the trial court had denied a motion for new trial, as happened in this case.

4

In *Baylor*, following a defense verdict, the plaintiff was granted a new trial eighty-two days after the judgment, followed two months later by an order vacating the new trial order. *Baylor*, 280 S.W.3d at 228. Shortly thereafter, a new trial was again granted. *Id.* at 228-29. The supreme court noted that rule 329b was amended effective January 1, 1981, and terminates the trial court's plenary power 30 days after all timely motions for new trial are overruled. *Id.* at 230. However, ". . . there is no provision limiting its plenary power if such motions are granted." *Id.* "Plenary power of course expires only after final judgments, not vacated judgments." *Id. Baylor* is distinguishable both under its facts and applicable rules. In this appeal, the original motion for new trial was *denied* and thereafter the trial court had thirty days within which to act. *Id.*; TEX. R. CIV. P. 329b(e). By contrast, a new trial was granted in *Baylor* during the trial court's plenary jurisdiction. *Baylor,* 230 S.W.3d at 228. "Federal courts and commentators agree: 'There is no sound reason why the court may not reconsider its ruling [granting] a new trial' at any time." *Id.* at 231.

Appellant also argues that his January 2, 2009 motion is a motion for judgment notwithstanding the verdict. He asserts the verdict has only three possible outcomes, each calling for entry of a judgment n.o.v. Appellant then contradicts himself, admitting in his response that the third possible outcome itself called for a new trial.[2] The third argument in his response argued that the jury's answers were in conflict and irreconcilable, therefore he was entitled to a new trial. Appellant also cites *Brookshire* for the proposition that the nature of a motion is determined by its substance, not its caption. *Brookshire*, 250 S.W.

[2] Appellant's Response to Appellees' Motion to Dismiss for Want of Jurisdiction and Notice of Defect of Appeal, p. 3.

3d at 72. We agree, and thus will review the substance of the January 2, 2009 motion for new trial or alternatively for judgment n.o.v.

The motion is called both a motion for new trial and alternatively, a motion for judgment n.o.v. In the motion, appellant first argued that the jury's answers to the first two questions were conflicting and irreconcilable. He cites *Texas & P. R. Co. v. Snider*, 321 S.W.2d 280, 281 (Tex. 1959), holding that a conflict in jury findings will not prevent the rendition of judgment and require a mistrial unless the findings, considered separately and taken as true, would compel the rendition of different judgments. "Moreover, it is the duty of the courts to reconcile apparent conflicts in jury findings if that can reasonably be done." *Id.* However, the conflict in the present case was that the plaintiff was not found negligent in answer to question one, but his negligence was found to have caused fifty percent of the injury in question two.

Appellant next cites *Maddox v. Ellison*, 240 S.W.2d 398, 400 (Tex. Civ. App.–Amarillo, 1951, no writ), holding that: "In order for jury findings to conflict they must oppose each other and be such that they cannot both be true. They mutually destroy each other and amount to no finding." Appellant concluded his argument stating that the two jury findings compose a conflicting verdict. Appellant argued from *Bradford v. Arhelger*, 340 S. W. 2d 772, 774 (Tex. 1960). In that case, the high court was confronted with two conflicts—a conflict between the findings of unavoidable accident and the finding that the defendant's negligence was a proximate cause of the injuries—and a conflict between the finding of unavoidable accident and the finding that the plaintiff's negligence was a

proximate cause of the injuries. *Id.* As noted by appellant, the court granted a new trial because of the fatal conflict. *Id.*

It would appear to us that these authorities are in line with appellant's request for a new trial.

Next, appellant cited several cases indicating the trial court has the authority and duty to call the jury's attention to conflicts in its answers. We do not disagree with the enunciated principles. Notably, appellant concluded this portion of his argument by stating that he was entitled to a new trial. Appellant cannot now disavow his own request for a new trial.

Appellant then argued in the alternative that the trial court should have "harmonized" the jury's answers in his favor and only awarded fifty percent of the damages. We view this portion of the motion as a motion for judgment, n.o.v. The motion concluded with a prayer for a new trial, or alternately, that the trial court harmonize the verdict and render judgment for fifty percent of the found damages.

We conclude, contrary to appellant's argument, that the motion in substance was a motion for new trial. We also conclude that the motion included an alternate request for judgment n.o.v.

### IV. CONCLUSION

When the trial court entered judgment on May 19, 2009, that became the effective date for the previous order denying appellant's early-filed motion for new trial. *See* TEX. R. CIV. P. 306c. At that juncture, the trial court had thirty days to grant a new trial, vacate, modify, correct or reform the judgment. TEX. R. CIV. P. 329b(e). Although appellant filed

7

another motion for new trial on June 17, 2009, the trial court had only until the next day to grant the motion. It did not. By the time the second motion for new trial was granted seventy-five days later on July 31, 2009, plenary jurisdiction had been lost. TEX. R. CIV. P. 329b (b), (e). The trial court's July 31 order granting a new trial more than thirty days after the first motion for new trial was overruled was void. *Brookshire*, 250 S.W.3d at 72.

We grant appellees' motion to dismiss for want of jurisdiction. The appeal is DISMISSED FOR WANT OF JURISDICTION. We hold that the trial court's original judgment of May 19, 2009, is the final judgment in this case. Pending motions, if any, are dismissed as moot.

DON WITTIG
Justice

Delivered and filed the
12th day of August, 2010.

8