**TRAVELERS INS. CO. v. EPPS.**

No. 14740.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 7, 1945.

Rehearing Denied Jan. 4, 1946.

Thompson, Knight, Harris, Wright & Weisberg and Pinkney Grissom, all of Dallas, and H. M. Muse, of Wichita Falls, for appellant.

Napier & Napier, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. The employee recovered judgment on a jury verdict for the loss of the use of a thumb.

During the closing argument of appellee's attorney, he called upon appellee to stand in front of the jury box, and invited the members of the jury to feel of the injured thumb. During the trial of the case appellee was examined in the presence of the jury by physicians who appeared in behalf of the respective parties, and in the presence of the jury the physicians made manual examinations of the thumb, and appellee was asked to and did exhibit the injured thumb to the jury. But none of the jury actually felt of the injured thumb during the taking of testimony. This was done for the first time during the closing argument of appellee's counsel. Appellant made what we consider to have been due objection to the demonstration at the time it was made, but its objection was overruled by the trial court.

Appellant argues that the demonstration made during the argument amounted to the introduction of new evidence in the case, at a time when there was no opportunity for cross-examination or rebuttal testimony, and that it made expert witnesses of the jury. While, from the record as a whole, we would be inclined to guess that the demonstration did not affect the verdict, yet we cannot with confidence say that it did not, and we do not feel that we can give approval to the practice followed. From the decisions cited in the annotation in 103 A.L.R. 1355, it appears to be the rule that the injured person may, in the discretion of the court, be permitted to exhibit the injured portion of his person to the jury, so long as the demonstration is not conducted in such a manner as to pass beyond the limits of introducing proof of the extent and nature of the injury and become merely a method of inflaming the minds of the jury. And, as held in Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 96 S.W.2d 595, and in Mizner v. Lohr, 213 Iowa 1182, 238 N.W. 584, calling upon the jury to view the injury during the argument might not be reversible error if not done in an inflammatory manner. While such a demonstration might, in the discretion of the court, be properly allowed in some cases during the taking of testimony, it may be doubted whether the members of the jury ought to be allowed to feel of the injured parts where it would be thought that they would be invading the field of scientific knowledge by thus attempting themselves to make a diagnosis of the injuries. There might be instances where a layman, by feeling of the injured part, could form an intelligent opinion concerning the nature and extent of the injury, but it is easy to see that in other instances only a skilled physician could reach an informed opinion by such a procedure. Vance v. Monroe Drug Co., 149 Ill.App. 499; Stewart v. Weiner, 108 Neb. 49, 187 N.W. 121.

Narrowing the discussion to the particular facts of the present case, it may be or it may not be that there would be any probative value in permitting the jury of laymen to feel of and manipulate the injured thumb during the trial. Unless there was some injury or deformity of an obvious character, the jury could easily be misled by their own unskilled examination. But we think that it was clearly error to permit the examination to be made after the evidence was closed. If the demonstration had been made during the taking of testimony, appellant might have had opportunity through cross-examination of making other demonstrations, or it might have called its medical witness to the stand for the purpose of rebutting the effect of the demonstration by explaining to the jury what might or what might not appear from a manual examination of the thumb.

Although appellee stood before the jury box during the trial while the physicians were examining and manipulating his thumb, we have no way of knowing whether or not the members of the jury may have formed conclusions based in whole or in part upon their own manual examinations of the thumb during the argument.

102

Complaints are made of portions of the argument of appellee's counsel to the jury, and of certain conduct of the bailiff in charge of the jury, but we shall not undertake to pass upon such complaints since we are remanding the case for a new trial on the ground above discussed, and since the incidents complained of may not occur upon another trial.

Reversed and remanded.