Gertrude Houston SPAAK, Plaintiff-Appellee,

v.

CHICAGO AND NORTH WESTERN RAILWAY COMPANY, etc., Defendant-Appellant.

No. 11589.

United States Court of Appeals Seventh Circuit.

March 28, 1956.

Rehearing Denied April 19, 1956.

John H. Gobel, Edward Warden, Chicago, Ill., for appellant.

Herman B. Goldstein, J. Barry Fisher, Chicago, Ill., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Defendant appeals from a judgment of the district court, based upon a jury verdict, in favor of plaintiff.

On April 2, 1917 plaintiff's right foot was injured when she attempted to climb between the cars of defendant's freight train at a highway crossing in Wisconsin. She was then 14 years of age. A compromise settlement was made and plaintiff's duly appointed guardian executed and delivered a release to the defendant, which provided *inter alia:*

"And in addition to said sum of money said Chicago and North Western Railway Company agrees to pay the bill of Dr. A. E. Ketterer and the bill of Dr. Wilson Cunningham for professional services in this case which said agreement is hereby made part consideration for the execution of this release."

Contemporaneously the guardian and the defendant executed an agreement dated June 11, 1918, which provided *inter alia:*

"That it [the North Western] will pay the doctor bill of Dr. Cunningham of Platteville, Wis., for professional services rendered said Gertrude Houston on account of said injuries; that it will also pay to Dr. E. A. Ketterer of Montfort, Wisconsin, his bill for professional serv-ces in treating and caring for the said Gertrude Houston on account of such injuries; also that it will be responsible and hereby assumes lia-bility for all future professional services rendered said Gertrude Houston by said Dr. E. A. Ketterer on account of said injuries and all such treatments and professional services by said Dr. E. A. Ketterer are to be furnished said Gertrude Houston in the future and on the responsibility of the said Railway Company so long as in the opinion of Dr. E. A. Ketterer and Dr. C. W. Hopkins of Chicago such treatments are necessary. It being intended hereby to provide for said Gertrude Houston, at the expense of said Railway Company, such treatments and medical services as may be reasonably required to relieve and cure said Gertrude Houston from the effects of such injury."

It is for a breach of this latter provision that plaintiff sues.

Upon the trial only the plaintiff and Dr. Frank Sadowski testified for her. No witness testified for the defendant.

Following the injury Dr. Ketterer treated plaintiff. During his absence in the armed forces, Dr. Stirn, substituting for Dr. Ketterer, treated plaintiff. Plaintiff inquired of the defendant in regard to this substitution, and it replied that it would pay Dr. Stirn's bill, if it was reasonable in the opinion of Dr. Hopkins, and that, if she preferred to have Dr. Cunningham, that was agreeable.

Within one and one-half years after the accident she was able to walk without the aid of crutches and was discharged from the doctors' care before 1920. She thereupon participated in normal activities until 1949, with the exception of a visit to defendant's dispensary in Chicago when X-rays were taken of her foot and ankle because of swelling and pain in the right foot. These X-rays did not show anything untoward. Dr. Hopkins told her to bathe the foot and to elevate it to reduce the swelling. She followed his instructions and the foot did improve. No bill for services was rendered to her. However, since April 1917, when the weather changes her foot aches, she cannot stand on it for any

great length of time, and it will not support her.

On March 6, 1949, when she was attending an entertainment known as the Ice Follies at the Chicago Arena, she sustained a severe sprain of her right foot, in stepping down, because she misjudged a step, and the illumination was "not too good". On March 7, 1949, she went, on crutches, in a taxicab to defendant's dispensary where her foot and ankle were treated, and X-rays taken. On August 17, 1949, she asked Mr. Bennett, in defendant's office in Chicago, for medical care and it was refused. In August 1949, she went to Dr. Sadowski, who gave her treatments to reduce the swelling and put her on a diet. He prescribed light treatments. These treatments continued until late in January 1950.

According to Dr. Sadowski, there was some deformity in her foot. There was a bony infection, which kept on draining. He testified that in his opinion the injury of April 2, 1917 was aggravated by the injury of March 6, 1949 and that injuries resulting on the latter date are permanent.

At the time of the trial herein, six years after the aggravating injury, the lesion which developed after the sprain of March 6, 1949 had healed, and the right foot and ankle reverted to their original condition as they were in 1919 after treatment by physicians.

In this court defendant contends that, based upon a proper construction of the contract, it is entitled to a judgment in its favor as a matter of law and that the evidence fails to show a causal connection between the 1917 injuries and the medical care and treatments rendered by Dr. Sadowski in 1949 and 1950.

We interpret the contract to mean that the defendant agreed to provide plaintiff with treatments and medical services reasonably required to relieve and cure her of the effects of the April 2, 1917 injury. This includes the effects resulting from the aggravation thereof by the March 6, 1949 incident. The effect of the jury's verdict was to establish as a matter of fact a causal connection between the original injuries and the aggravated injuries following the 1949 accident.

Defendant offered in evidence a copy of the complaint filed in a case brought by plaintiff against the Chicago Arena Corporation, which charged that as a result of the corporation's negligence, she was injured as a result of the March 6, 1949 incident. Defendant contends that the court erred in denying its admission. We find no error in this respect. The charges of negligence in the complaint might be true and still defendant remain liable upon its contract with plaintiff.

Defendant further contends that the trial court erred in allowing plaintiff to exhibit her right foot to the jury. This was a matter within the discretion of that court. We find no abuse of discretion.

We find no basis for defendant's complaint that the district court failed to strike an answer given by plaintiff's witness, Dr. Sadowski, when under cross-examination.

For the reasons herein set forth, the judgment of the district court is

Affirmed.