R. B. ROSS et al., Appellants,

v.

J. E. WHITESIDE, Appellee.

No. 3679.

Court of Civil Appeals of Texas.

Eastland.

March 9, 1962.

Callaway & Callaway, Levie Old, Brownwood, for appellants.

Turner & Seaberry, Eastland, Woodruff & Holloway, Brownwood, for appellee.

COLLINGS, Justice.

J. E. Whiteside brought suit against R. B. Ross and R. H. Ross, doing business as Ross Construction Company. Plaintiff sought damages from defendants alleged to have resulted because of defendants' failure to properly construct two warehouses in Comanche, Texas, suitable for storage of bulk peanuts, in compliance with their contract. The case was tried before a jury and based upon the verdict judgment was rendered against defendants for $17,988.-00. The defendants have appealed.

In appellants' first point it is contended that there was no basis for any judgment except to declare a mistrial because of a fatal conflict between the answers of the jury to issues 1 through 4 and issues 18, 19 and 20. We cannot agree with this contention.

In answer to issues 1 through 4 it was found by the jury that (1) appellants contracted to build warehouses suitable for bulk peanut storage; (2) that they failed to build the warehouses in a manner suitable for storage of bulk peanuts; (3) that peanuts stored in such warehouses sustained water damage by reason of the failure of appellants to build the warehouses so as to be suitable for storage of bulk peanuts; (4) and that $2,188.80 would reasonably compensate appellee Whiteside for peanuts stored in the warehouse which were damaged by water due to the failure of appellants to construct the warehouses so as to be fit and suitable for storage of bulk peanuts. The answers of the jury to issues 18, 19 and 20 were (18) that appellee Whiteside failed to properly provide for drainage around the warehouses (19) that such failure was negligence, (20) and that such negligence was a proximate cause of leakage of water through the walls.

In the case of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, it is stated by our Supreme Court as follows:

"To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it."

The test or rule announced in the Little Rock case was qualified by our Supreme Court in Bradford v. Arhelger, Tex., 340 S.W.2d 772, but the qualification was not such as to affect the application of the rule stated to the instant case.

█ Applying the above test, if we disregard the findings in answer to special issues 18, 19 and 20 and consider the answers to special issues Nos. 1, 2, 3 and 4 in connection with all the rest of the verdict, a judgment for the plaintiff was required. 'If we disregard the findings in answer to special issues Nos. 1, 2, 3 and 4 and consider only the answers to special issues Nos. 18, 19 and 20 in connection with all the rest of the verdict, a judgment for appellants would not be required. Nor would it create a situation where a judgment could not be entered for either party. Special issues Nos. 18, 19 and 20 were defensive issues submitted in connection with appellants' pleadings to the effect that appellee Whiteside negligently failed to fill a ditch along the entire north wall of the two buildings and that his failure to do so was the cause of water seeping into the warehouses. Appellants also alleged that as a result of appellee's negligence there was damage to the peanuts but there was no jury finding nor was an issue submitted or requested inquiring whether or not the water which leaked through the walls by reason of appellee's negligence was any part of the water which caused the damage found in answer to special issue No. 4. In the absence of some such finding there is no conflict in the two series of issues. In the absence of such a finding, or issue submitted or requested, it is presumed that the court found facts in support of the judgment. Rule 297, V.T.R.C.P. The finding of the jury in connection with issues 18, 19 and 20 was only that as a proximate result of negligence by appellee there was leakage of water through the walls. This finding would not compel a different judgment from that rendered by the court. The finding is not in conflict with the finding that it would take $2,188.80 to compensate appellee for peanuts damaged by water because of appellants' failure to properly construct the warehouses in compliance with their contract. Texas & Pacific Railway Company v. Snider, 159 Tex. 380, 321 S.W.2d 280; Bradford v. Arhelger, Tex., 340 S.W.2d 772

In appellants' second point it is contended that the court erred in refusing to set aside the verdict and declare mistrial because of a claimed conflict in the answers to issues Nos. 5 and 6 and the answers to issues Nos. 9 and 10. This point is also overruled.

The answers of the jury to such special issues were as follows: (5) That the repairs made by appellee in restoring the North Wall of one of the warehouses were necessitated by the failure of appellants to build the warehouse in such manner that it would be fit and suitable for the storage of bulk peanuts; (6) that the reasonable cost of the repairs to the North Wall of the East Warehouse necessitated by the failure of appellants to so properly construct the warehouse was $2,800.00; (9) that the defects in the construction of the warehouses could be remedied without impairing the buildings as a whole (10) and that the reasonable cost of remedying the defects in the warehouses so as to render them fit and suitable for bulk storage of peanuts was $13,000.00. The jury also found in answer to special issues Nos. 11 and 12 that the difference between the cash market value of the warehouses as they were built and as they should have been built, according to the contract was $13,000.00.

█ Appellants contend that the findings of the jury in answer to the two groups of issues are in fatal conflict. They further contend that if the judgment based thereon is allowed to stand, the result would be to permit appellee a double recovery for the same item of damage, that is, the item of what it would cost to make such buildings conform to the contract. We cannot agree with this contention.

Two separate items of damages are here under consideration. The basis of special issues 5 and 6 was appellee's pleadings which alleged and sought recovery for expenses necessarily incurred by him in the alleged amount of $2,893.56 to restore the North Wall of one of the warehouses which had cracked and collapsed because of faulty construction, not in keeping with the specifications of the contract. Appellee's contention is that the replacement of the inadequate wall was appellants' responsibility because the collapse resulted from appellants' failure to comply with the contract; that appellants were therefore liable to him for the reasonable cost of repairing said wall and replacing it.

We agree that appellee was entitled to recover this item of damages. Appellee also alleged that when he replaced the collapsed wall restoring it to the same condition structurally as when completed by appellants, appellants still had the duty to make the buildings comply with the specifications in the contract. We agree with this contention. The basis of special issues 9 and 10 was appellee's pleading seeking damages on the theory that the warehouses as constructed were structurally inadequate to comply with the specifications of the contract, but that said buildings were at that time capable of being made fit and suitable for bulk storage of peanuts as provided by the contract; that thereafter the North Wall of one building collapsed, but that after appellee had repaired the wall it was in the same condition as originally constructed by appellants; that appellants were responsible for the failure of the warehouses to measure up to specifications and were liable in damages for the amount of money required to remedy the defective condition. Under the pleadings appellee sought to recover for these separate and distinct injuries, that is, (1) the injury sustained on account of the failure of the building as completed to comply with specifications and (2) the injury incurred by the subsequent collapse of the wall because of its faulty construction. Appellee alleged that both of these injuries resulted from the failure of appellants to construct the buildings in compliance with the contract. The jury found that each of such injuries existed and found the amount of damages which would reasonably compensate appellee for each such injury. Contrary to appellants' contention, the judgment of the court allowing recovery for these separate injuries was not a double recovery nor were the findings in answer to the two groups of issues in conflict.

The judgment of the trial court is affirmed.