**Richard E. GRAY, Appellant,**

v.

**L–M CHEVROLET COMPANY et al., Appellees.**

No. 5576.

Court of Civil Appeals of Texas.

El Paso.

April 17, 1963.

Rehearing Denied May 29, 1963.

**862**

John J. Watts, James D. Cunningham, Odessa, Johnson & Dionne, Ft. Stockton, for appellant.

McDonald, Shafer, Gilliland & Davis, Odessa, Upton, Upton, Baker & Griffis, San Angelo, for appellees.

CLAYTON, Justice.

This is an appeal from a "take-nothing" judgment entered in a suit filed in Pecos County, Texas in which appellant asked for damages for personal injuries suffered by his wife in an automobile accident in which a car being driven by appellant, his wife being a passenger, was struck from the rear by a car owned by the L–M Chevrolet Company and being driven by Enedina Villa Perez. In answer to special issues, the jury exonerated appellees of any negligence; found that the collision was the result of an unavoidable accident and further, that the said Enedina Villa Perez, immediately before and at the time of the collision, acted prudently in the face of an emergency which was not the sole proximate cause of the collision; answered all damage issues based upon appellees' negligence adversely to appellant, but found that appellant would incur $4000.00 in doctors, nurses, medical and hospital expenses in the future as a result of injuries sustained by appellant's wife in the accident.

Appellant's first point of error makes complaint of the trial court's having overruled objections by appellant to the action of appellees' counsel in quoting passages from an article in the Journal of the American Medical Association while cross-examining a medical witness for appellant. Basis for the complaint was that the passages contained "statistics from a medical journal showing how many people recovered from whiplash injuries when same was never recognized by authorities and when same was prepared by a medical student and when same was not offered for purposes of impeachment but solely for original evidence."

We find at an earlier point in the Statement of Facts that while a medical witness for appellees was being cross-examined by counsel for appellant the witness was asked this question:

"Q * * * You would agree with the journal of the American Medical Association, wouldn't you?

"A Yes, sir."

After which, over objection of counsel for appellees, the appellant's counsel was al-

lowed to cross-examine the witness with an article delivered before the Association in New York in 1953.

At the later point in the Statement of Facts which sets out the cross-examination by appellees' counsel of the medical witness presented by appellant, the following questions and answers are to be found:

"Q You recognize it (Journal of American Medical Association) as being a book that the—that is put out by the members of the medical profession for the doctors?

"A Yes, sir.

"Q And the very best doctors write articles in there for the purpose of educating doctors?

"A Of course articles are published, and the Board decides which articles should be published.

"Q But they are published for the education of doctors, generally?

"A Yes, sir."

Whereupon, over the above-noted objection of appellant, counsel for appellees was allowed to cross-examine the witness with an article in the Journal written by a Dr. Nicolas Gotten published in October, 1956, which apparently included the results of a survey conducted by a senior student of the School of Medicine, University of Tennessee.

We have examined the many authorities cited by appellant in support of this point of error. From the case of Texas Employers' Insurance Association v. Nixon, 328 S.W.2d 809 (Civ.App.1959, Ref. N.R. E.) the following quotation is emphasized:

"* * * We think the better rule is that a medical witness cannot be cross-examined by reading excerpts to him from a medical book and asking him whether he agrees or disagrees therewith, unless he has either recognized such book as authoritative or

has based his opinion in whole or in part thereupon."

and from Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1 (1949):

"When a doctor testifies as an expert relative to injuries or diseases he may be asked to identify a given work as a standard authority on the subject involved; and if he so recognizes it, excerpts therefrom may be read not as original evidence but solely to discredit his testimony or to test its weight. Gulf, C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, 115 S.W. 260; Texas & P. Ry. Co. v. Hancock, Tex.Civ.App., 59 S.W.2d 313 (er. ref.)."

 Although the above quotations set out the prevailing law on the subject, we do not find them in conflict with the ruling of the trial court in allowing the complained-of cross-examination from an article published in a Journal that was proven to be authoritative by both parties to this litigation. No request was made to limit the purpose for which the evidence thus adduced could be considered by the jury. 23 Tex.Jur.2d 173, ¶122. Moreover, we are inclined to agree with appellees' counterpoints directed to appellant's first point, that if there were error in allowing the cross-examination, it was harmless error under the provisions of Rule 434, T.R.C.P., since we are not of the opinion "that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case". The article referred to in cross-examination by appellees' counsel dealt with percentage of recoveries in whiplash cases, and had nothing to do with the question of liability of appellees. The jury found that appellant's wife had not recovered from her injuries, but that appellant would have to expend $4000.00 in future doctors, nurses, medical and hospital expenses as a result of the injuries, a finding adverse to that sought in the cross-examination by appellees' counsel.

It might be added that since the jury arrived at the conclusion that the injuries were suffered as the result of an unavoidable accident, it would be unlikely that they were influenced in such conclusion by the article to which reference was made.

Appellant's first point is overruled.

In the course of re-direct examination of appellant's wife, counsel asked her to stand with her back to the jury and the following ensued:

"Q. Is this the portion of your neck where the muscles have wasted away?

"A. Yes, sir, you can see how it comes down here and humps out. These muscles have given way and caused it to look like that.

"Q. Was it this way before the accident?

"A. No, sir. My shoulders were clear.

"Q. Do you have some bumps, up here?

"A. There is a much greater sunken in place on the left side, which anybody can feel there, by feeling of it.

"Q. We would like the lady on the jury to feel of those muscles and that sunk-in place."

Objection was made by appellees to this request that the lady juror feel the muscles and the sunk-in place referred to, and the objection was sustained to this request, but not to the testimony. Point of Error No. Two was assigned to this ruling of the court. It should be said at the outset, without reference to the authorities, that had appellant's request been granted, the only benefit to be derived therefrom by appellant would have been to place the lady juror in possession of information not shared by the other jurors; or to have

had the lady juror draw her own unskilled conclusion from what she felt, and then to have imparted such conclusion to the other jurors. The impropriety of either result is obvious. However, we have been cited by appellees to the Baylor Law Review article of George Chandler to be found in XIII B.L.R. 273 (1961), "Exhibition of Injuries of Plaintiff in a Civil Case." The author calls attention to the distinction, in several jurisdictions, between a *"demonstration"* of a personal injury and an *"exhibition"* of a personal injury:

"* * * A demonstration is defined as: 'Acts done by the injured person, such as flexing muscles, etc.; or to acts done by another person, such as a medical expert, directly on or with respect to the plaintiff's body or one of its parts or members.' Thus, the primary distinction between an exhibition and a demonstration is that an exhibition involves a mere passive act, such as merely exposing an injured limb, etc. to the jury, while a demonstration involves a more overt act by the plaintiff. The courts are much more liberal in construing the harmful effect of an exhibition, as distinguished from a demonstration."

The article refers to the Texas cases of Coca Cola Bottling Co. v. Hankins, 245 S.W.2d 740 (Tex.Civ.App., 1952, r. o. g.) and Travelers Ins. Co. v. Epps, 191 S.W. 2d 100 (Tex.Civ.App., 1945, ref. N.R.E.) and summarizes the Texas rule on the point as follows:

"* * * The Texas rule is pointed out in the Epps case, where the Court held that the plaintiff may in the discretion of the trial court, exhibit the injured portion of his person to the jury, 'so long as the demonstration is not conducted in such a manner as to pass beyond the limits of introducing proof of the extent and nature of the injury and become merely a method of inflaming the minds of the jury.'"

■ We feel that, in addition to the reasoning set out above, the requested action on the part of the lady juror would have exceeded the boundaries of a mere passive presentation of the appellant's injuries, would have been a "demonstration", and was objectionable. Furthermore, this case was decided on the question of liability, as previously pointed out, and not on the nature or extent of injuries suffered.

Appellant's second point is overruled.

Appellant's third point of error is directed at arguments of appellees' counsel. We have carefully read the complained-of arguments which are set out in full in appellant's brief, and without specifically referring to those portions deemed by appellant to be objectionable, since no useful purpose would be served thereby, find none of the vices assigned to the remarks by appellant which would require reversal. The cases cited and quoted from in appellant's brief are distinguishable on the facts. Appellant's third point must be overruled.

The jury found that the collision in question was the result of an unavoidable accident and further found that appellee Enedina Villa Perez was acting in an emergency, properly defined, immediately before and at the time of the collision, and that she acted with that degree of care which a person of ordinary prudence in the exercise of ordinary care would have used under the same or similar circumstances. In his fourth and fifth points, appellant assigns error on the part of the court in refusing to withdraw from the charge to the jury the issues of "emergency" and "unavoidable accident" since the issues were not raised by the evidence and the findings by the jury on these issues were so conflicting as to render the verdict incomplete and meaningless.

■ Both "emergency" and "unavoidable accident" were plead by appellees and we find sufficient evidence in the record to warrant the submission of each of them as defensive issues in the case. As to the question of whether the jury's findings in the instant case are in irreconcilable conflict, we apply the test laid down by the Supreme Court of Texas in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949) and as quoted in the later case of Nichols v. Musgrave, 285 S.W.2d 397 (Tex.Civ.App.1955; no writ hist.), as follows:

"* * * For the answers to special issues to be in fatal conflict, 'the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered.' Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991.

"Under the verdict of the jury no judgment could have been entered for Buell M. Nichols. There is no finding in his favor except that with respect to damages, and there could be no conflict in the answers of the jury under the rule set out by the Supreme Court in the case cited next above."

■ Applying such test, we fail to find here that either one of the answers claimed to be in conflict, when considered in connection with the rest of the verdict except the issue with which there is claimed conflict, necessarily requires the entry of a

judgment different from that which the court has entered, favorable to appellees. Failing to so find, we must overrule both appellant's fourth and fifth points of error and affirm the judgment in this case.

Affirmed.

## ON MOTION FOR REHEARING

Appellant urges on Motion for Rehearing that this court set aside its judgment affirming the judgment of the trial court, and presents five grounds therefor. The first relates to a ruling of the trial court permitting appellees' counsel to quote statistics from the Journal of the American Medical Association. The second ground cites error of the trial court in refusing to permit a lady juror to feel the neck of the injured party. We feel that we have adequately treated these points in our opinion.

The third ground complains of the action of the trial court in overruling appellant's motion for mistrial based on arguments of defense counsel. The Motion for Rehearing cites no authorities, but in appellant's original brief the cases of Allmon v. Texas Electric Service Co., Tex. Civ.App., 242 S.W.2d 806, and Cross v. Houston Belt & Terminal Railway Company, Tex.Civ.App., 351 S.W.2d 84, are cited. We have again reviewed these authorities and in each of them we find obvious and incurable error in the argument of counsel.

In the instant case, the arguments of defense counsel were set out in full in plaintiff's Bill of Exception No. One, filed as a 30-page supplemental transcript in this case, and substantially repeated in appellant's brief. As stated in our original opinion herein, no useful purpose would be served in attempting to set out in full those portions of these arguments deemed by appellant to be objectionable. Suffice it to say that no-where do we find clearly objectionable features such as those found in the Allmon and Cross cases. In at least two instances here, objections of plaintiff's counsel were sustained by the court and the jury instructed not to consider the remarks. Even had this action not been taken by the court, we fail to find reversible error in the remarks.

In the fourth and fifth grounds set out in the Motion for Rehearing, appellant cites error in the action of this court in sustaining the trial court's refusal to withdraw from the jury the issues of "emergency" and "unavoidable accident", and the claim that this court was in error in not holding that the jury's affirmative answers to these issues were so conflicting as to render the verdict so "incomplete and meaningless as to require the granting of a new trial." We stated in our original opinion that both "emergency" and "unavoidable accident" were plead by appellees, and that there was sufficient evidence in the record to warrant the submission of each of them as defensive issues in the case. As to the absence of irreconcilable conflict in the affirmative findings on both issues, we applied the Supreme Court test as laid down in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985:

> "The court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict."

Here, the jury found (1) unavoidable accident, and (2) that the defendant, Perez, acted prudently in an emergency. Neither finding would support a judgment for the plaintiff. We recognize that the Little Rock rule was expressly modified under the particular circumstances in Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772 (1960), wherein its application would have resulted in an inability to enter judgment for either party, in which event the verdict would not

be permitted to stand. However, in Ross v. Whiteside, 356 S.W.2d 497 (Tex.Civ.App., 1962—no writ hist.) the court stated:

"The test or rule announced in the Little Rock case was qualified by our Supreme Court in Bradford v. Arhelger, [161] Tex. [427], 340 S.W.2d 772, but the qualification was not such as to affect the application of the rule stated to the instant case."

We find the same to be true here, and an application of the Little Rock test or rule eliminates any irreconcilable conflict in the jury's findings on the two issues of "emergency" and "unavoidable accident" and supports a judgment for appellees.

The Motion for Rehearing is accordingly overruled.