Roger Dale **CURRY, Plaintiff,**

v.

**AMERICAN ENKA, INC., etc., Defendant.**

**No. CIV-4-76-37.**

United States District Court, E. D. Tennessee, Northeastern Division.

Oct. 13, 1977.

Paul D. Hogan, Jr., Madisonville, Tenn. and Norman E. McNally, Louisville, Ky., for plaintiff.

Donald B. Oakley, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The plaintiff Mr. Curry claims that he sustained burns of his hands from the proximate negligence of the defendant. He moved the Court, in the nature of a motion in limine, " * * * to allow each member of the jury to touch * * * [his] * * hands in order that they may feel[1] the hardness * * * " thereof. The defendant made no timely response to such application, local Rule 12(b), and its opposition thereto is deemed waived, local Rule 11(f).

Autoptic proference[2] has been sanctioned in this circuit for 75 years, *Toledo Traction Co. v. Cameron,* C.C.A.6th (1905), 137 F. 48, 66[10], as it has been elsewhere in the federal judicial system, *cf. ergo: Rich v. Ellerman & Bucknall S. S. Co.,* C.A.2d (1960), 278 F.2d 704, 707–708[12]. Specifically, those with injured hands have been permitted to exhibit them to the jurors. *Powell v. Galloway* (1929),

---

1. In a belated, see order herein of August 31, 1977, fn., affidavit of allegedly supporting fact, see local Rule 12(a), one of the attorneys for the plaintiff stated: " * * * I have, myself, felt the hands of the plaintiff. * * * " He does not state factually how the plaintiff's hands "felt" to him but stated conclusorily that: " * * * for the jury to actually determine his [the plaintiff's] present condition, it is imperative that they be allowed to feel the hardness, coolness and strange texture of the hands of the plaintiff."

2. "Autoptic" is a good word, but "proference" is a glossological illegitimate. *Morse v. State,* C.A.Ga. (1911), 10 Ga.App. 61, 72 S.E. 534, 535. Together, the resulting term refers to a special kind of evidence permitted to go to the jury for the purpose of enabling the jury to understand and apply the evidence introduced in the ordinary manner. *Yeager v. State,* C.Cr.A. (1929), 43 Okl.Cr. 318, 278 P. 665, 669.

229 Ky. 37, 16 S.W.2d 489; *Stephens v. Elliott* (1907), 36 Mont. 92, 92 P. 45. But, whether to allow autoptic proference to be extended to jurors' making a manual examination of an injured person's flesh " * * * depends on the circumstances of the individual case. * * * " Anno: Evidence—Exhibition—Injured Person, 66 A.L.R.2d 1336, § 2. Thus, the matter is committed largely and necessarily to judicial discretion. *Spaak v. Chicago & Northwestern Railway Company,* C.A.7th (1956), 231 F.2d 279, 281[4]; *Wilson v. Thayer County Agri. Soc.* (1927), 115 Neb. 579, 213 N.W. 966, 52 A.L.R. 1393, 1397–1398 (headnote 2); *Darling v. Charleston Community Memorial Hospital,* C.A.Ill. (1964), 50 Ill.App.2d 253, 200 N.E.2d 149, affirmed (1965), 33 Ill.2d 326, 211 N.E.2d 253, certiorari denied (1966), 383 U.S. 946, 86 S.Ct. 1204, 16 L.Ed.2d 209; Anno:, *supra,* 66 A.L.R.2d at 1346, § 3[b].

■ " * * * [P]ermission for the injured plaintiff to exhibit his [or her] person to the jury [has been] properly granted, notwithstanding such exhibition would involve a manual touching of the plaintiff's person. * * * " Anno:, *supra,* 66 A.L. R.2d at 1356, § 6; *accord:* 29 Am.Jur.2d 849, Evidence, § 778. As is true regarding all forms of evidence, the evidence presented in this manner must be relevant, Rule 402, Federal Rules of Evidence, and must tend to establish some fact relevant to the issues to be decided by the jury, *Carrico v. West Virginia C. & P. R. Co.* (1894), 39 W.Va. 86, 19 S.E. 571. It must also be of consequence. Rule 401, Federal Rules of Evidence.

Thus: where a plaintiff had testified that his injured hand had abnormal circulation of blood and remained cold all the time, he was permitted to exhibit his hands to the jurors and allow them to feel them. *Sampson v. St. Louis & S. F. R. Co.* (1911), 156 Mo. 419, 138 S.W. 98. And where a plaintiff's thumb had been injured in the door of the defendant's taxicab, he was permitted to exhibit both of his thumbs to the jurors and demonstrate the extent of the remaining use of his injured thumb. *North v. Williams* (Okl., 1961), 366 P.2d 406.

Although it did not involve a manual touching of the plaintiff's person, the decision in *Anderson v. Seropian* (1905), 147 Cal. 201, 81 P. 521, is instructive. Mr. Anderson claimed that his hand had been caught between the stencil and rollers of the defendant's press and was so badly injured that its amputation was required. The defendant admitted that the plaintiff's hand had been amputated after his injury but insisted that his hand had been caught, not in the portion of the press which included the stencil, but on the edge of the roller thereon. The amputated hand involved had been preserved in a fluid-filled glass jar and showed a streak of ink across it. It was shown to the jurors for their examination as tending to show that it had indeed passed underneath the stencil, thereby corroborating the plaintiff's testimony as to that fact.

Where there was a conflict in the expert medical opinions regarding the relevant issue as to whether the callus which had formed in a hole in the plaintiff's skull was as hard as the surrounding bone, the jurors were permitted to feel those areas of the plaintiff's head for themselves to determine whether such callus was harder or softer than the bone surrounding the hole. *McAndrews v. Leonard* (1926), 99 Vt. 512, 521[5], 134 A. 710; *cf.* also *Jackson v. Wells,* (1896), 13 Tex.Civ.App. 275, 35 S.W. 528. In another situation, the plaintiff claimed he had sustained an injury to his skull which had left a dent therein, but that it was concealed by his hair. The appellate court found no prejudicial error in the trial court's allowing the jurors to place their fingers in that depression to discover through their sense of touch that which they were unable to see. *Bluebird Baking Co. v. McCarthy* (Ohio App., 1935), 3 Ohio Ops. 490, 19 Ohio L.Abs. 466, 36 N.E.2d 801. Although reiterating the principle that a jury will not be permitted to guess without probative value the character of an injury and the method of treatment employed by examining an injured plaintiff's person after the injury involved had healed, another appellate court found no error in a trial court's permitting the plaintiff to enter the

jurybox and allow the jurors to feel a lump on his injured arm. *Grubaugh v. Simon J. Murphy Co.* (1920), 209 Mich. 551, 561–562[4], 177 N.W. 217.

On the other hand, where his attorney was interrogating the plaintiff and, without advance notice, invited the jurors to feel the flesh of the plaintiff's scarred kneecap, for the purpose of feeling it "pop and jerk when he bent it," a defendant's objection to this invitation was sustained. The judgment was reversed on other grounds, but the appellate court stated that this method of interrogation was highly prejudicial to the defendant and suggested that plaintiff's counsel refrain on the retrial from extending an invitation to jurors to feel his client's flesh. *Coca Cola Bottling Co. v. Hankins* (Tex.Civ.App., 1952), 245 S.W.2d 740, reversed on other grounds (1952), 151 Tex. 303, 249 S.W.2d 1008. Another judgment in the same jurisdiction was reversed on appeal because members of the jury had been permitted, during her counsel's closing argument, to feel of the plaintiff's injured thumb. *Travelers Ins. Co. v. Epps* (Tex.Civ. App., 1946), 191 S.W.2d 100.

In another action involving a comminuted fracture of the plaintiff's kneecap, some of the jurors were permitted to examine his injury for the purpose of determining its extent. This was obviously a subject for expert medical evidence, and the trial court committed error in allowing the examinations. *Kane v. W. M. Hoyt Co.*, C.A.Ill. (1913), 182 Ill. 371. In *Travelers Ins. Co. v. Epps, supra,* the appellate court doubted whether jurors ought to be allowed to feel of injured parts and attempt to make a diagnosis themselves of the injuries, thereby invading the field of scientific knowledge. That Court recognized that there might be instances where, by feeling an injured part of another person's body, lay jurors could form an intelligent opinion as to the nature and extent of an injury, but that in others only a skilled physician could form a viable opinion by such a method.

The thrust of this line of decisions would appear to this Court to be that permission should be granted for jurors to feel a part of the plaintiff's person only for the purpose of proving some disputed or controverted fact in issue. In *Harper v. Bolton* (1962), 239 S.C. 541, 124 S.E.2d 54, the appellate court deemed it error that the trial court had admitted into evidence before a jury a glass vial containing an eye which the plaintiff had lost in an automobile accident. The defendant had admitted that such eye was removed necessarily because of injuries the plaintiff had sustained in a motor vehicular accident, and the exhibition of the removed eye to the jurors did not tend to throw any light upon any disputed or controverted fact in issue before them.

In the matter *sub judice,* the plaintiff may be expected reasonably to testify that his injured hands are hard, cool and have been left with a strange texture. At this point, there is no indication that any such testimony, if it is given, will be disputed or controverted by the defendant.[3]

Even if it should develop before or on the trial that the jurors should be permitted to examine the plaintiff's hands for themselves, the Court would be adverse to allowing "each member of the jury" to touch Mr. Curry's flesh, if that permission might tend to create an atmosphere in which a juror might feel obliged to participate in the feeling of the plaintiff's hands. This is for reasons of policy in this Court. Any form of autoptic proference may be excluded for reasons of policy. *Rich v. Ellerman & Bucknall S. S. Co., supra,* 278 F.2d at 708[11].

It has been stated that the possibility that the exhibition of an injury to a jury may be unpleasant (or even gruesome) should not be a deterrent to the exhibition, although that possibility should be balanced against the possible usefulness of the exhibition to the jurors. *Darling v. Charleston Community Memorial Hospital, supra.* It has been described as "irregular" to permit one or more, but not all, of the jurors to

---

**3.** Certainly, counsel for the defendant could determine pretrial for himself whether these conditions are present. Rules 5, 26, and 35(a), Federal Rules of Civil Procedure.

182

feel of the injured part of a plaintiff's person. *McCoy v. Clegg* (1927), 36 Wyo. 473, 257 P. 484. These state-court approaches to the problem are not persuasive in a consideration of whether to deviate from this Court's policy.

It is national policy that jurors in federal courts be selected at random from a cross-section of the geographical area involved. 28 U.S.C. §§ 1861, et seq. It is national policy further that citizens, when summoned for federal jury service, fulfill that obligation. 28 U.S.C. § 1863. Each federal district court has been required to adopt a plan specifying those groups of persons and occupational classes whose members may be excluded from jury service upon their request, 28 U.S.C. § 1863(b)(5), and those who do not qualify under the resulting definitions are required compulsorily to serve.

Thus, these citizens who comprise juries in federal court are often required by law to render jury service against their preference. And, none of them should be called-upon to do anything in furtherance of that service in situations where the resulting unpleasantness to them might outweigh the usefulness to them of participating in an autoptic proference touching of another's body.

The plaintiff claims that he sustained permanent injuries to his body and nervous system, and that he has expended a great deal of money in the treatment of his injuries. It is assumed, therefore, that his treating physicians will appear as witnesses herein. If Mr. Curry's hands are unusually hard, cool and have a strange texture, it is difficult to anticipate why the treating physicians could not describe these present conditions adequately to the jury.

 As stated, whether the autoptic proference requested herein will be allowed must await the more complete development of the circumstances of this situation. Pending a fuller disclosure of those circumstances pretrial or in trial, the plaintiff's motion is held under advisement. His counsel should be on notice, however, that, "irregular" or not, any manual touching of the plaintiff's hands allowed will be confined to those jurors who indicate to the Court a belief that such touching may enable them to understand and apply the evidence introduced in the ordinary manner.